JANE DOE V. NORWALK BOARD OF EDUCATION, Et Al

EXHIBITS

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

State of Connecticut
Post Date: 08/26/2020
Payfile: 2023938-1
**STATE OF CONNECTICUT**
Docket: CV2050433625
**SUPERIOR COURT**
Receipt Nbr: 0383625  www.jud.ct.gov
Amount: $360.00

List Total: 001  $360.00

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer, BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **1061 Main Street, Bridgeport, CT 06604** | ( 203 ) 579-6527 | September 22, 2020 |

| | | | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|---|
| ☒ Judicial District | ☐ G.A. | Housing Session | Number: | **Fairfield** | Major: T  Minor: 90 |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Bartlett Legal Group, LLC, 36 Wallingford Road, Cheshire, CT 06410 | 433299 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 203 ) 439-7717 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* frank@bartlettlegalgroup.com |
|---|---|---|

Number of Plaintiffs: 1  Number of Defendants: 3  ☐ Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Doe, Jane c/o Bartlett Legal Group, LLC  Address: 36 Wallingford Road, Cheshire, CT 06410 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Norwalk Board of Education  Address: Superintendent: Dr. Alexandra Estrella, Norwalk City Hall, 125 East Avenue, Norwalk, CT 06851 | D-01 |
| Additional Defendant | Name: Krieger, Lise  Address: 35 Masterson Road, Whately, MA 01093 | D-02 |
| Additional Defendant | Name: Ramos, John J.  Address: 140 Pond View Drive, Watertown, CT 06795 | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  Frank C. Bartlett, Jr. | Date signed  08/24/2020 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number  CV20 5043625 |
|---|---|---|---|

(Page 1 of 2)

ORDER   089998

DOCKET NO: FBTCV205043625S

DOE,JANE
V.
NORWALK BOARD OF EDUCATION Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
AT BRIDGEPORT

9/1/2020

ORDER

The following order is entered in the above matter:

ORDER:

ORDER FOR REMOTE HEARING AND NOTICE
The above Temporary Ex Parte Application For Use of A Pseudonym having been presented to the
Court, it is hereby ordered that a remote hearing be held thereon on OCTOBER 19, 2020 at 2:15 PM and
that the plaintiff give notice to the defendants in accordance with the appropriate statutes relating to
service of process of the pendency of the application and of the time when it will be heard by causing a
true and attested copy of the application, of the executed and served writ summons and complaint, and
of this order, to be served upon the defendants by some proper officer or indifferent person on or before
OCTOBER 7, 2020 and that due return of service be made to this court.
The parties shall comply with the procedures outlined in the Connecticut Guide to Remote Hearings For
Attorneys and Self-Represented Parties, including those relating to documents and evidence. The guide
is available at:
https://www.jud.ct.gov/HomePDFs/ConnecticutGuideRemoteHearings.pdf
All questions regarding the hearing should be directed to the civil caseflow coordinator at the email
address below.
William Gildea and Andrew Cucuzza, Civil Caseflow
Email
william.gildea@jud.ct.gov and andrew.cucuzza@jud.ct.gov

Judicial Notice (JDNO) was sent regarding this order.

089998

BY THE CLERK
Processed by: Ashleigh Doherty

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

FBT-CV20-5043625-S

RETURN DATE: SEPTEMBER 22, 2020        : SUPERIOR COURT

JANE DOE        : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;        : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS        : AUGUST 24, 2020

<u>COMPLAINT</u>

**FIRST COUNT:**

1.  At all times mentioned herein, the plaintiff, Jane Doe, was a student at Norwalk High, a public high school in Norwalk, CT and at all times the plaintiff was a minor.

2.  At all relevant times mentioned herein, the defendant, Lise Krieger (hereinafter "Krieger") was a teacher at Norwalk High School in Norwalk, CT and was considered to be a public trust employee.

3.  At all times mentioned herein the defendant, John J. Ramos, was the Principal of Norwalk High School (hereinafter "Principal") and in charge of operating the school and supervising all staff and teachers including the defendant Krieger.

4.  At all times mentioned herein, the defendant Norwalk Board of Education (hereinafter "Board of Education") operated, supervised and controlled Norwalk High School as a public school in Norwalk, Connecticut.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS. NO. 433299

5. During the late 1980s to early 1990s, the Plaintiff was a student at Norwalk High School and the defendant Krieger was her freshman English teacher at Norwalk High School.

6. During the late 1980s, when the plaintiff was a minor and a student at Norwalk High School, the defendant Krieger engaged in an inappropriate relationship with the plaintiff, showing her affection and making physical contact that exceeded the bounds of an appropriate teacher student relationship.

7. As a result of the aforementioned conduct, a complaint was brought to the Principal and Board of Education.

8. Thereafter, Krieger was allowed to return to her position as a teacher at Norwalk High School.

9. During the late 1980s, when the plaintiff was a minor and a student at Norwalk High School, and continuing thereafter the defendant Krieger again initiated an inappropriate relationship with the plaintiff, which quickly became sexual.

10. The sexual relationship occurred at a time when the plaintiff was mentally, emotionally and legally unable to consent, and therefore constituted a sexual assault upon the plaintiff.

11. The sexual assault by the defendant Krieger upon the minor plaintiff violated Connecticut General Statutes§ 53a-71 (formerly codified at§ 53a-73).



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

12. The foregoing acts by the defendant Krieger, exploiting her position as a teacher, were willful and malicious and constituted assault and/or battery against the person of the plaintiff.

13. As a result of the foregoing, the plaintiff suffered injuries of a serious, painful and permanent nature in that she suffered physical injuries from the sexual abuse and physical assault and severe emotional injuries in that she has suffered emotional distress, low self-esteem, feelings of vulnerability and mistrust, anger, frustration, depression, sleep disturbance, intrusive recollections of the abuse, post-traumatic stress disorder; post-traumatic stress symptoms; interference with her relationships, episodes of sweating, episodes of heart racing, and feelings of shame, humiliation, guilt and anxiety, all of which were exacerbated by lack of timely treatment.

14. As a further result of the foregoing, the plaintiff may be forced to expend sums of money for psychological therapy in the future.

15. As a further result of the foregoing, the plaintiff's ability to enjoy her adolescence and adult years has been impaired.

16. As a further result of the foregoing, the plaintiff has lost time from her gainful employment and her future earnings may be impaired.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433259

**SECOND COUNT:**

1-16.   Paragraphs 1 through 16 of the First Count are hereby incorporated as paragraphs 1

through 16 of the Second Count.

17. The foregoing extreme and outrageous acts by the defendant Krieger intentionally caused

severe emotional distress to the plaintiff.

**THIRD COUNT:**

1-10. Paragraphs 1 through 10 of the First Count are hereby made paragraphs 1 through 10 of

the Third Count.

11. At all times mentioned herein, the plaintiff was a school child on school property whose

parents were required to relinquish their custody of the plaintiff during school hours, and,

as such, the plaintiff was in an identifiable class of foreseeable victims of the defendant

Krieger.

12. At all times mentioned herein the defendant Board of Education was obligated and

required to generate, implement, enforce and follow school policies in compliance with

Title IX of the Education Amendments of 1972 (hereinafter referred to as "Title IX)

which prohibits sexual harassment and sexual abuse of public school students by

educators, including but not limited to teachers.



BARTLETT LEGAL GROUP, LLC · 363 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · Fax: (203) 439-7730 · JURIS NO. 433299

13. The plaintiff suffered the injuries hereinafter set forth as a result of the negligence and carelessness of the defendant Board of Education and the defendant Principal acting herein through the board, trustees, faculty members, administrators, staff, agents, servants and/or employees in one or more of the following ways in that:

   a.  they failed to use reasonable care to properly monitor and supervise the activities of the defendant Krieger;

   b.  they knew or should have known that the defendant Krieger, a member of their faculty, was subjecting the plaintiff to sexual harassment, abuse and/or exploitation;

   c.  they failed to take steps to warn the plaintiff, a minor student, of a dangerous condition existing on its premises; namely, the danger presented by a member of its faculty, the defendant Krieger when they knew or should have known that the defendant Krieger had unchaperoned access to minor students, including the minor plaintiff, in her classroom;

   d.  they failed to advise or warn the plaintiff's parents that the defendant Krieger was spending alone time with the Plaintiff and/or of the danger presented by the defendant Krieger;

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7777 · FAX: (203) 439-7730 · JURIS NO. 433299

e.  they failed to take steps to investigate or monitor or supervise  the defendant

Krieger when it was commonly known among the student body and/or faculty that

the defendant Krieger spent alone time with minor students, including the minor

plaintiff, in her classroom and elswhere;

f.  they failed to properly investigate or otherwise monitor or supervise the activities

of the defendant Krieger in violation of the requirements of school policies and

procedures;

g.  they failed to recognize that a member of its faculty had an unnatural interest in

young girls, and in particular the minor plaintiff, and take appropriate steps to

investigate or monitor or supervise the defendant Krieger;

h.  they retained the defendant Krieger as an active member of its faculty when they

knew or should have known that she posed a danger to the plaintiff and other

students;

i.  they failed to use reasonable care in evaluating the defendant Krieger as to her

fitness to teach in the school system throughout the period of time that she was

teaching at Norwalk High School;

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

j.  they failed to train faculty and/or other employees to recognize the signs and risk factors for possible sexual abuse and to take the appropriate steps when such risk factors were identified in accordance with school policies;

k.  they failed to identify the plaintiff as a potential target and victim of the defendant Krieger's misconduct when they knew or should have known that the defendant Krieger was spending unchaperoned alone time with minor students;

l.  they violated their own rules in allowing the defendant Krieger to have unsupervised and unmonitored contact with minor school children;

m.  they failed to comply with the guidelines established in accordance with Title IX in one or more of the following ways:

    i.  in that responsible employees knew or should have known in the exercise of reasonable care that the defendant Krieger was sexually harassing students including the minor plaintiff and failed to investigate and/or prevent further sexual harassment and/or sexual misconduct upon such students;

    ii.  in that it failed to properly train and educate responsible employees, including the designated sexual harassment officer, and students regarding the investigation, prevention and definition of sexual harassment including educator sexual misconduct;



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

  iii. in that they failed to properly publicize and disseminate detailed grievance

    policies and procedures regarding the prompt and equitable resolution of

    sexual harassment complaints;

  iv. in that they failed to take immediate and appropriate steps to investigate

    known incidents and/or complaints of sexual harassment and/or sexual

    misconduct;

14. As a result of the foregoing, the plaintiff suffered injuries of a serious, painful and

  permanent nature in that she suffered physical injuries from the sexual abuse and

  physical assault and severe emotional injuries in that she has suffered emotional distress,

  low self-esteem, feelings of vulnerability and mistrust, anger, frustration, depression,

  sleep disturbance, intrusive recollections of the abuse, post-traumatic stress disorder;

  post-traumatic stress symptoms; interference with her relationships, episodes of

  sweating, episodes of heart racing, and feelings of shame, humiliation, guilt and anxiety,

  all of which were exacerbated by lack of timely treatment.

15. As a further result of the foregoing, the plaintiff may be forced to expend sums of money

  for psychological therapy in the future.

16. As a further result of the foregoing, the plaintiff's ability to enjoy her adolescence and

  adult years has been impaired.



17. As a further result of the foregoing, the plaintiff has lost time from her gainful employment and her future earnings may be impaired.

18. The defendant Principal in taking the aforesaid actions was acting in the course of his employment as Principal of Norwalk High School and acting in furtherance of the interests of the defendant Board of Education.

19. As a result of the foregoing, the defendant Board of Education is liable for the Plaintiffs injuries pursuant to C.G.S. §52-557n.

**FOURTH COUNT:**

1. At all times relevant to this action, the defendant Board of Education was and is an organization existing under the laws of the State of Connecticut and acted through its agents, servants, employees, and associated administrators, teachers and staff.

2. At all times mentioned herein the defendant Principal was in charge of operating the school and supervising all staff and teachers including the defendant Krieger.

3. At all times relevant to this action, the defendant Krieger was a teacher who had daily contact and access to the minor high school students within the school and was employed by the Defendant Board of Education.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

4. The defendant Krieger taught English to freshman and other minor students, including the plaintiff, at Norwalk High School and maintained a classroom within Norwalk High School.

5. At all times relevant to this action, the defendant Board of Education and the defendant Principal knew that the defendant Krieger had unfettered and unchaperoned access to the students who were minors, such as the plaintiff, within her class on the premises of Norwalk High School.

6. The students were in class with the defendant Krieger, who was their instructor, and alone with the defendant Krieger in her classroom and thus separated from their parents and guardians.

7. The minor high school students were in the custody of the defendant Board of Education and the defendant Principal during the periods of time that they were attending the English class taught by the defendant Krieger at Norwalk High School and when they were alone with the defendant Krieger in her classroom and elsewhere on the school campus.

8. The Plaintiff's parents entrusted their child to the custody of the defendant Board of Education and the defendant Principal when they admitted their child to Norwalk High School.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

9. The general risk of harm, or injury of the type suffered by the Plaintiff, was foreseeable by the defendant Board of Education under the circumstances herein set forth.

10. The injuries hereinafter set forth suffered by the plaintiff were the proximate and foreseeable result of the foregoing breach of special duties owed to the plaintiff by the defendant Board of Education and the defendant Principal, acting through its administrators, teachers, staff and employees in that the defendant Board of Education and defendant Principal failed to act affirmatively and proactively to investigate and monitor and supervise the defendant Krieger in order to prevent injury to minors such as the Plaintiff who was especially vulnerable.

11. As a result of the aforementioned negligence and carelessness, the defendant Board of Education and the defendant Principal caused the plaintiff to sustain bodily intrusion, emotional distress and an impairment of her ability to carry on and enjoy life's activities.

12. As a result of the foregoing, the defendant Board of Education and the defendant Principal are liable for the Plaintiffs injuries pursuant to C.G.S. §52-557n.



**FIFTH COUNT:**

1-10. Paragraphs 1 through 10 of the First Count are hereby made paragraphs 1 through 10 of the Fifth Count.

11. At all times mentioned herein, the defendant Krieger and the defendant Principal were acting in the course of their employment with the Norwalk school system and acting in furtherance of the interests of the defendant Board of Education.

12. As a result of the foregoing, the defendant Board of Education is liable for the Plaintiff's injuries.

**SIXTH COUNT:**

1-10. Paragraphs 1 through 10 of the First Count are hereby made paragraphs 1 through 10 of the Fifth Count.

11-19. Paragraphs 11 through 19 of the Third Count are hereby made paragraphs 11 through 19 of the Sixth Count.

20. At all times mentioned herein, the defendant Krieger and the defendant Principal were acting in the course of their employment with the Norwalk school system and acting in furtherance of the interests of the defendant Board of Education.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7710 · FAX: (203) 439-7730 · JURIS NO. 433299

21. At all times mentioned herein, the defendant Krieger was acting in the course of her

employment as a teacher in the Norwalk public school system.

22. Pursuant to Section 10-235 of the Connecticut General Statutes, the defendant Board of

Education is liable to the Plaintiff for damages.

WHEREFORE, the plaintiff claims:

1. Monetary damages within the jurisdiction of this Court for her pain, suffering, personal injuries and humiliation;

2. Punitive damages on the First and Second Count;

3. Exemplary damages on the First and Second Count; and

4. Such other relief as this Court shall deem just and equitable.

THE PLAINTIFF
JANE DOE

BY:   /423808/
FRANK C. BARTLETT, JR.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
(203) 439-7717
frank@bartlettlegalgroup.com



RETURN DATE:  SEPTEMBER 22, 2020      : SUPERIOR COURT

JANE DOE      : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;      : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS      : AUGUST 24, 2020

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff claims in excess of Fifteen Thousand ($15,000.00)

Dollars damages, exclusive of interest and costs, as follows:

1. Compensatory damages in an amount which this Court shall deem just, fair and equitable on all counts;
2. Punitive damages in an amount this Court shall deem just, fair and equitable on the First and Second counts;
3. Exemplary damages on the First and Second Count; and
4. Such other relief as this Court shall deem just and equitable.

THE PLAINTIFF
JANE DOE

BY: ___/423808/_____
FRANK C. BARTLETT, JR.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
(203) 439-7717
frank@bartlettlegalgroup.com

BARTLETT LEGAL GROUP, LLC • 36 WALLINGFORD ROAD • P.O. BOX 130 • CHESHIRE, CT 06410 • (203) 439-7717 • (203) 439-7730 • FAX: (203) 439-7730 • JURIS NO. 433299

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

RETURN DATE: SEPTEMBER 22, 2020      : SUPERIOR COURT

JANE DOE      : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;      : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS      : AUGUST 24, 2020

<u>EX PARTE APPLICATION FOR PERMISSION<br>TO PROSECUTE SUIT IN FICTITIOUS NAME</u>

    Pursuant to Connecticut Practice Book Section 11-20A(h)(2) and (3), the Plaintiff in the above captioned matter respectfully applies to this Court *Ex Parte* for permission to prosecute the action in the pseudonym of JANE DOE, which name the plaintiff seeks to assume for purposes of privacy and anonymity.

    Practice Book Section 11-20A(h)(2) empowers the Court to authorize the use of pseudonyms where the public's interest in knowing the identity of parties to a civil action is overridden by the necessity of preserving the identity and/or interests of a party to the matter.

    In this case, the plaintiff, JANE DOE is a resident of Norwalk, Connecticut who was sexually exploited as a minor student by her freshman English teacher at Norwalk High School. The alleged abuse occurred between 1989 and 1992 while the plaintiff was a student at Norwalk High School and continued thereafter.

    The plaintiff claims that, as a result of the alleged inappropriate contact and sexual



101

abuse, she has suffered serious psychological and emotional injuries that may be permanent in nature.

The Court in *Doe v. Diocese Corporation* 43 Conn. Supp. 152, (1994), addressed similar issues. That case involved a person who was abused as a minor by a priest in the Bridgeport Roman Catholic Diocese. In that case, Judge Corradino recognized the right of the plaintiff to bring a case anonymously where a substantial privacy interest was involved. Judge Corradino held that where a person has been sexually abused, it is obvious that the plaintiff's privacy interest in greatly enhanced. Id. at 160.

The nature of the issues presented in this case involves details that are intimate and embarrassing to the plaintiff. The plaintiff is concerned about the stigma that this incident, if she were identified, would cause her and her family. Particularly due to the plaintiff's ongoing professional and social relationships within the greater Fairfield County area, there is significant risk that the plaintiff and her family would suffer financial, emotional and psychological harm, beyond that occasioned by the abuse, by the public identification of the plaintiff as an adult victim of childhood sexual abuse. Furthermore, as is set forth more fully in the affidavit filed under seal, the plaintiff has significant concerns that her public identification as the adult victim of childhood sexual abuse would have a substantial negative impact on her wife's career. By preserving the plaintiff's anonymity through the

BARTLETT LEGAL GROUP, LLC • 363 WALLINGFORD ROAD • P.O. BOX 130 • CHESHIRE, CT 06410 • (203) 439-7717 • FAX: (203) 439-7730 • JURIS NO. 433299.



use of a fictitious name, the plaintiff's privacy interest will be protected. As a victim of

sexual assault, the plaintiff is further entitled to protection from the disclosure of his identity

pursuant to Conn. Gen. Stat. §§54-86d and 54-86e

WHEREFORE, as the plaintiff's privacy interests will be protected through the use

of the fictitious name JANE DOE and the plaintiff's privacy interest greatly exceeds the

public's interest in knowing the identity of the parties to this civil action, the plaintiff

respectfully requests that this Court grant the plaintiff's Ex-Parte Application for Permission

to Prosecute Suit in Fictitious Name.

THE PLAINTIFF,
JANE DOE

BY _____/423808/_____

Frank C. Bartlett, Jr.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT 06410
Firm Juris: 433299
Tel: (203) 439-7717
Fax: (203) 439-7730



RETURN DATE:  SEPTEMBER 22, 2020      : SUPERIOR COURT

JANE DOE                                               : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;        : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS            : AUGUST 24, 2020

### ORDER

The foregoing application, having been heard by the Court, it is hereby Ordered:

#### GRANTED / DENIED

It is further ordered that the Court finds the plaintiff's interest in protecting her identity

compelling and significant in light of the allegations of sexual assault and a pseudonym is

necessary to accomplish the same.  Such interest outweighs the public's interest in knowing

the plaintiff's name and no lesser alternative will suffice.  This Order shall remain in effect

until a hearing on _____ at _____, at 1061 Main

Street, Bridgeport, Connecticut, at which time this question will be considered anew.

It is further ordered that the plaintiff's identity shall be disclosed to defense counsel.

BY:_____

Judge / Clerk

BARTLETT LEGAL GROUP, LLC · 86 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7710 · FAX: (203) 439-7717 · JURIS. NO. 433299

ORDER   438581

DOCKET NO: FBTCV205043625S  SUPERIOR COURT

DOE,JANE      JUDICIAL DISTRICT OF FAIRFIELD
 V.        AT BRIDGEPORT
NORWALK BOARD OF EDUCATION Et Al
          8/26/2020

<u>ORDER</u>

ORDER REGARDING:
08/26/2020 101.00 EX PARTE APPLICATION FOR PERMISSION TO USE PSEUDONYM(S)

The foregoing, having been considered by the Court, is hereby:

ORDER:

Having considered the temporary ex parte application to use a pseudonym and reasonable alternatives to
the use of a pseudonym, the court hereby finds that the plaintiff's interest in protecting her identity
compelling and significant in light of the allegations of sexual abuse and sexual assault which the
plaintiff claims occurred when she was a minor and that a pseudonym is necessary to protect the
plaintiff's interest, that such interest outweighs the public's interest in knowing her name and that no
lesser alternative will suffice. It appearing to the court that the foregoing application should be granted,
pending a hearing on the continued use of a pseudonym, it is hereby

ORDERED that the designation of Jane Doe be substituted for the name of the plaintiff in the caption of
the case and that the parties use the pseudonym in all documents filed with the court;

ORDERED that the plaintiff be allowed to lodge, pursuant to Practice Book § 7-4B, an original affidavit
in her true name with the court prior to service and that said affidavit be sealed to all persons except
necessary court personnel and parties and the attorneys of record for the plaintiff and defendants.

Judicial Notice (JDNO) was sent regarding this order.

438581
_____
Judge: THOMAS JAMES WELCH

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

RETURN DATE:  SEPTEMBER 22, 2020     : SUPERIOR COURT

JANE DOE     : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;     : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS     : AUGUST 24, 2020

## EX-PARTE MOTION TO SEAL AFFIDAVIT

The Plaintiff, by and through the undersigned counsel, moves this Court for an Order

sealing the Plaintiffs' Affidavit filed in support of his Motion to File a Civil Suit under a

pseudonym pursuant to Connecticut Practice Book Section 11-20A(h)(2). Sealing is

requested to protect the privacy of the Plaintiff as his Affidavit contains personal and

sensitive information that should be kept confidential.

The Plaintiff claims that she was sexually exploited as a minor student by her freshman

English teacher at Norwalk High School. The alleged abuse occurred between 1989 and

1992 while the plaintiff was a student at Norwalk High School and continued thereafter.

The plaintiff claims that, as a result of the alleged inappropriate contact and sexual abuse,

she has suffered serious psychological and emotional injuries that may be permanent in

nature. The Plaintiff requests the Court to grant this Motion to allow the Plaintiff to

commence the litigation without disclosing her identity. If the Affidavit is not sealed the

identity of the Plaintiff will be exposed and the privacy protection afforded by filing under a

BARTLETT LEGAL GROUP LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · Fax: (203) 439-7730 · JURIS NO. 433299



103

pseudonym will be to no avail.   The Plaintiff has simultaneously filed a Motion to Seal

pursuant to Section 11-20A with a hearing to be conducted after the Return Date.

The Affidavit contains details that are intimate and embarrassing to the plaintiff. The

plaintiff is concerned about the stigma that this incident, if she were identified, would cause

her and her family. By preserving the plaintiffs' identity by sealing the affidavit and

allowing the plaintiff anonymity through the use of a fictitious name, the plaintiff's privacy

interest will be protected

WHEREFORE, as the plaintiff's privacy interests will be protected through the

sealing of the Affidavit and the plaintiff's privacy interest greatly exceeds the public's

interest in knowing the identity of the parties to this civil action, the plaintiff respectfully

requests that this Court grant the plaintiff's Motion to Seal the Affidavit.

THE PLAINTIFF,
JANE DOE


BY_____/423808/_____
Frank C. Bartlett, Jr.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT 06410
Firm Juris: 433299
Tel: (203) 439-7717
Fax: (203) 439-7730



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · FAX: (203) 439-7730 · JURIS NO. 433299

### <u>ORDER</u>

The foregoing Motion, having been heard by the Court, it is hereby Ordered:

#### GRANTED / DENIED

It is further ordered that the Court finds the plaintiff's interest in protecting her identity compelling and significant in light of the allegations of sexual exploitation and the sealing of the plaintiff's affidavit is necessary to accomplish the same. Such interest outweighs the public's interest in knowing the plaintiff's name and the additional personal information contained within the affidavit, and no lesser alternative will suffice. This Order shall remain in effect until a hearing on _____ at _____, at 1061 Main Street, Bridgeport, Connecticut, at which time this question will be considered anew.

It is further ordered that the plaintiff's affidavit filed under seal shall be disclosed to defense counsel.

BY: _____

Judge / Clerk



ORDER   438581

DOCKET NO: FBTCV205043625S

DOE,JANE
V.
NORWALK BOARD OF EDUCATION Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
AT BRIDGEPORT

8/26/2020

## ORDER

ORDER REGARDING:
08/26/2020 102.10 MOTION TO SEAL DOCUMENT

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Order #101.10.

Judicial Notice (JDNO) was sent regarding this order.

438581

Judge: THOMAS JAMES WELCH

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

RETURN DATE:  SEPTEMBER 22, 2020     : SUPERIOR COURT

JANE DOE     : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;     : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS     : AUGUST 24, 2020

## MOTION FOR CONTINUED USE OF FICTITIOUS NAME

Pursuant to Connecticut Practice Book Section 11-20A(h)(2) and (3), the Plaintiff in the above captioned matter respectfully moves the Court for permission to prosecute the action in the pseudonym of JANE DOE, which name the plaintiff seeks to assume for purposes of privacy and anonymity.

Practice Book Section 11-20A(h)(2) empowers the Court to authorize the use of pseudonyms where the public's interest in knowing the identity of parties to a civil action is overridden by the necessity of preserving the identity and/or interests of a party to the matter.

In this case, the plaintiff, JANE DOE is a resident of Norwalk, Connecticut who was sexually exploited as a minor student by her freshman English teacher at Norwalk High School.  The alleged abuse occurred between 1989 and 1992 while the plaintiff was a student at Norwalk High School and continued thereafter.

The plaintiff claims that, as a result of the alleged inappropriate contact and sexual

BARTLETT LEGAL GROUP LLC • 36 WALLINGFORD ROAD • P.O. BOX 1360 • CHESHIRE, CT 06410 • (203) 439-7717 • FAX: (203) 439-7730 • JURIS NO. 433299



103

abuse, she has suffered serious psychological and emotional injuries that may be permanent in nature.

The Court in *Doe v. Diocese Corporation* 43 Conn. Supp. 152, (1994), addressed similar issues. That case involved a person who was abused as a minor by a priest in the Bridgeport Roman Catholic Diocese. In that case, Judge Corradino recognized the right of the plaintiff to bring a case anonymously where a substantial privacy interest was involved. Judge Corradino held that where a person has been sexually abused, it is obvious that the plaintiff's privacy interest in greatly enhanced. Id. at 160.

The nature of the issues presented in this case involves details that are intimate and embarrassing to the plaintiff. The plaintiff is concerned about the stigma that this incident, if she were identified, would cause her and her family. Particularly due to the plaintiff's ongoing professional and social relationships within the greater Fairfield County area, there is significant risk that the plaintiff and her family would suffer financial, emotional and psychological harm, beyond that occasioned by the abuse, by the public identification of the plaintiff as an adult victim of childhood sexual abuse. Furthermore, as is set forth more fully in the affidavit filed under seal, the plaintiff has significant concerns that her public identification as the adult victim of childhood sexual abuse would have a substantial negative impact on her wife's career. By preserving the plaintiff's anonymity through the

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



RETURN DATE: SEPTEMBER 22, 2020      : SUPERIOR COURT

JANE DOE      : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;      : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS      : AUGUST 24, 2020

### MOTION TO SEAL AFFIDAVIT AFTER HEARING

      Pursuant to Connecticut Practice Book Section 7-4B and 11-20A, the Plaintiff, by and through the undersigned counsel, moves this Court for an Order sealing the Plaintiff's Affidavit filed in support of his Motion to File a Civil Suit under a pseudonym.  Sealing is requested to protect the privacy of the Plaintiff as her Affidavit contains personal and sensitive information that should be kept confidential.

      The Plaintiff claims that she was sexually exploited as a minor student by her freshman English teacher at Norwalk High School.   The alleged abuse occurred between 1989 and 1992 while the plaintiff was a student at Norwalk High School and continued thereafter. The plaintiff claims that, as a result of the alleged inappropriate contact and sexual abuse, she has suffered serious psychological and emotional injuries that may be permanent in nature. The Plaintiff requests the Court to grant this Motion to allow the Plaintiff to commence the litigation without disclosing her identity.  If the Affidavit is not sealed the identity of the Plaintiff will be exposed and the privacy protection afforded by filing under a

BARTLETT LEGAL GROUP, LLC • 56 WALLINGFORD ROAD • P.O. BOX 130 • CHESHIRE, CT 06410 • (203) 439-7717 • FAX: (203) 439-7730 • JURIS NO. 433299



104

pseudonym will be to no avail.   The Plaintiff has simultaneously filed a Motion to Seal

pursuant to Section 11-20A with a hearing to be conducted after the Return Date.

The Affidavit contains details that are intimate and embarrassing to the plaintiff. The

plaintiff is concerned about the stigma that this incident, if she were identified, would cause

her and her family. By preserving the plaintiffs' identity by sealing the affidavit and

allowing the plaintiff anonymity through the use of a fictitious name, the plaintiff's privacy

interest will be protected

WHEREFORE, as the plaintiff's privacy interests will be protected through the

sealing of the Affidavit and the plaintiff's privacy interest greatly exceeds the public's

interest in knowing the identity of the parties to this civil action, the plaintiff respectfully

requests that this Court grant the plaintiff's Motion to Seal the Affidavit after Hearing.

THE PLAINTIFF,
JANE DOE


BY_____/423808/_____
    Frank C. Bartlett, Jr.
    Bartlett Legal Group, LLC
    36 Wallingford Road
    Cheshire, CT 06410
    Firm Juris: 433299
    Tel: (203) 439-7717
    Fax: (203) 439-7730



<u>ORDER</u>

The foregoing Motion, having been heard by the Court, it is hereby Ordered:

<s>GRANTED / DENIED</s>

It is further ordered that the Court finds the plaintiff's interest in protecting her identity

compelling and significant in light of the allegations of sexual exploitation and the sealing of

the plaintiff's affidavit in support of her Application is necessary to accomplish the same.

Such interest outweighs the public's interest in knowing the plaintiff's name and the

information contained within the affidavit, and no lesser alternative will suffice.  This Order

shall remain in effect throughout the pendency of this action.

BY:_____

Judge / Clerk

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



BARTLETT LEGAL GROUP LLC (433299)

## Notice (JDNO) 🖼

Docket No:           FBT-CV-20-5043625-S
Issue Date:         09/01/2020
Sent By:            Civil/Family
My Tags:

### JDNO NOTICE
**FBT-CV-20-5043625-S     DOE,JANE v. NORWALK BOARD OF EDUCATION Et Al**

Notice Issued: **09/01/2020**

**Court Address:**
CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF FAIRFIELD
1061 MAIN STREET
BRIDGEPORT, CT 06604
**Website:** www.jud.ct.gov

**Notice Content:**
Notice Issued: **09/01/2020**
Docket Number: **FBT-CV-20-5043625-S**
Case Caption: **DOE,JANE v. NORWALK BOARD OF EDUCATION Et Al**
Notice Sequence #: **1**

     JDNO NOTICE

The following order is entered in the above matter:
ORDER:
ORDER FOR REMOTE HEARING AND NOTICE
The above Temporary Ex Parte Application For Use of A Pseudonym having been presented to the Court, it is
hereby ordered that a remote hearing be held thereon on OCTOBER 19, 2020 at 2:15 PM and that the plaintiff give
notice to the defendants in accordance with the appropriate statutes relating to
service of process of the pendency of the application and of the time when it will be heard by causing a true and
attested copy of the application, of the executed and served writ summons and complaint, and of this order, to be
served upon the defendants by some proper officer or indifferent person on or before OCTOBER 7, 2020 and that
due return of service be made to this court.
The parties shall comply with the procedures outlined in the Connecticut Guide to Remote Hearings For Attorneys
and Self-Represented Parties, including those relating to documents and evidence. The guide is available at:
https://www.jud.ct.gov/HomePDFs/ConnecticutGuideRemoteHearings.pdf
All questions regarding the hearing should be directed to the civil caseflow coordinator at the email address below.
William Gildea and Andrew Cucuzza, Civil Caseflow
Email
william.gildea@jud.ct.gov and andrew.cucuzza@jud.ct.gov
By the Clerk
9/1/2020

**Notice Content:**
Notice Issued: **09/01/2020**
Docket Number: **FBT-CV-20-5043625-S**
Case Caption: **DOE,JANE v. NORWALK BOARD OF EDUCATION Et Al**
Notice Sequence #: **2**

JDNO NOTICE


10/19/2020 AT 2:15PM



A remote video hearing on the record has been scheduled on the above date and time. DO NOT COME TO COURT ON THIS DATE.

All appearing counsel are required to participate and must provide the undersigned with their email address and phone number at least two (2) court days before the hearing. Instructions for connecting to the hearing will be emailed to you before 5:00 p.m. the day before the hearing. Please make sure that your email references the docket number of the case.

The court may enter sanctions if counsel or an unexcused party fails to participate in the hearing.
Any need for an interpreter or Americans with Disabilities Act (ADA) accommodations should be made before the hearing.

By Order of the Court.

(Civil Presiding Judge)

The parties shall comply with the procedures outlined in the Connecticut Guide to Remote Hearings For Attorneys and Self-Represented Parties, including those relating to documents and evidence. The guide is available at: https://www.jud.ct.gov/HomePDFs/ConnecticutGuideRemoteHearings.pdf

All questions regarding the hearing should be directed to the civil caseflow coordinator at the email address below.

William Gildea and Andrew Cucuzza, Civil Caseflow

Email
william.gildea@jud.ct.gov and andrew.cucuzza@jud.ct.gov

EXHIBIT B

| D.N.: FBT-CV-20-5043625-S | : | SUPERIOR COURT |
| JANE DOE | : | J.D. OF FAIRFIELD |
| v. | : | AT BRIDGEPORT |
| NORWALK BOARD OF EDUCATION, Et Al | : | OCTOBER 20, 2020 |

## MOTION TO STRIKE

In this case the Plaintiff alleges that approximately thirty (30) years ago she was molested by a teacher at the Norwalk High School. She blames the Norwalk Board of Education and former High School Principal (Ramos) for her injuries.

The Defendants in the above-captioned matter hereby move to strike the Third, Fourth, Fifth and Sixth Counts of the Plaintiff's Complaint per Connecticut Practice Book Sections 10-39 et seq. The reasons for said motion are as follows:

A. As to the Third Count (v. the Board of Education) – the Plaintiff alleges that she suffered injuries as the result of the negligence and carelessness of the Board of Education and the school Principal and claims the Board is liable pursuant for failing to protect the Plaintiff from sexual harassment (prohibited by Title IX of the Education Amendments Act of 1972 to CGS Section 52-557n.

B. As to the Fourth Count (v. Board of Education and Principal) – the Plaintiff alleges that the Board and Principal are liable for their negligence and carelessness by their failure to recognize that the teacher (Krieger) represented

a threat and a danger to the Plaintiff. Once more, the claim is alleged to be brought pursuant to CGS Section 52-557n.

C. As to the Fifth Count (v. Board of Education) – the Plaintiff sets forth a Common Law claim of *Respondeat Superior* alleging that the Principal was acting within the scope of his employment and for the benefit of the Board.

D. As to the Sixth Count (v. Board of Education) – the Plaintiff alleges that the Board is liable on a derivative claim of indemnification pursuant to CGS Sect. 10-235.

As to all of these claims, the Defendants are entitled to governmental immunity both pursuant to the Common Law and CGS Sect. 52-557n. The Plaintiff has failed to allege that the alleged negligent acts of the Defendants had violated certain specifically identified policies or laws that would have required ministerial adherence to specific codes of conduct. Instead, all of the acts alleged call for the exercise of discretion – acts for which the Defendants are entitled to governmental immunity.

The more specific reasons for said motion are more particularly set forth in Defendants' Memorandum of Law in Support of Motion to Strike.

THE DEFENDANTS,
NORWALK BOARD OF EDUCATION
JOHN J. RAMOS

By:        /s/ 301885
M. Jeffry Spahr
Deputy Corporation Counsel
City of Norwalk
125 East Avenue, PO Box 5125
Norwalk, CT  06856-5125
Juris No.: 100860
Tel.: (203) 854-7750
Email: jspahr@norwalkct.org

## **CERTIFICATION**

      This is to certify that, in accordance with the Practice Book, as amended, a copy of the foregoing was mailed, postage prepaid, and/or electronically delivered on the above date to all counsel and pro se parties of record, as follows:

Frank Bartlett, Esq.              Neal Patrick Rogan, Esq.
Bartlett Legal Group, LLC       Law Offices of Neal Rogan, LLC
36 Wallingford Road             315 Post Road West
Cheshire, CT  06410            Westport, CT  06880
Tel.:  (203) 439-7717           Tel.:  (203) 341-8783
Email:  frank@bartlettlegalgroup.com   Email:  neal@nealrogan.com

                 /s/ 301885
                 M. Jeffry Spahr

D.N.: FBT-CV-20-5043625-S        :    **SUPERIOR COURT**

                                         :

**JANE DOE**                         :    **J.D. OF FAIRFIELD**

                                           :

**v.**                                 :    **AT BRIDGEPORT**

                                           :

**NORWALK BOARD OF EDUCATION, Et Al**    :    **OCTOBER 20, 2020**

### <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE</u>

     I.     <u>Brief Statement of Facts</u>:

     The Plaintiff alleges that during "the late 1980's" the minor Plaintiff was subjected to a repeated attempt by one of her (female) teachers to engage in an inappropriate relationship. She alleges that complaints were made to the Principal (Ramos) but that these efforts persisted. She alleges that she suffered mental and emotional distress as a result of this conduct.

     II.     <u>Law and Argument</u>:

     A.   <u>Motion to Strike Standard</u>:

     "The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted." (Internal quotation marks omitted.) <u>Fort Trumbull Conservancy, LLC v. Alves</u>, 262 Conn. 480, 498, 815 A.2d 1188 (2003). "In reviewing the sufficiency of the allegations in a complaint, courts are to assume the truth of the facts pleaded therein, and to determine whether those facts establish a valid cause of action.... [I]f facts provable in the complaint would

support a cause of action, the motion to strike must be denied.... Thus, we assume the

truth of both the specific factual allegations and any facts fairly provable thereunder.... ",

see Escourse v. 100 Taylor Ave., LLC, 150 Conn. App. 805, 810–11 (2014).

"A motion to strike ... admits all facts well pleaded; it does not admit legal

conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis

omitted; internal quotation marks omitted.) Mora v. Aetna Life & Casualty Ins. Co., 13

Conn.App. 208, 211, 535 A.2d 390 (1988); see Escourse v. 100 Taylor Ave., LLC, 150

Conn. App. 805, 811 (2014).

In addition, it is well settled law that whether or not a Defendant is entitled to

governmental immunity may be decided on a Motion to Strike. In this regard, the Supreme

Court, in the matter of Violano v. Fernandez, held as follows:

> "We have previously determined that governmental immunity must be
> raised as a special defense in the defendant's pleadings.... Governmental
> immunity is essentially a defense of confession and avoidance similar to
> other defenses required to be affirmatively pleaded [under Practice Book §
> 10–50].... The purpose of requiring affirmative pleading is to apprise the
> court and the opposing party of the issues to be tried and to prevent
> concealment of the issues until the trial is underway." (Citation omitted;
> internal quotation marks omitted.)  Nevertheless, where it is apparent from
> the face of the complaint that the municipality was engaging in a
> governmental function while performing the acts and omissions complained
> of by the plaintiff, the defendant is not required to plead governmental
> immunity as a special defense and may attack the legal sufficiency of the
> complaint through a motion to strike.' (Citation omitted; Internal quotation
> marks omitted.)  Determining whether it is apparent on the face of the
> complaint that the acts complained of are discretionary requires an
> examination of the nature of the alleged acts or omissions. See *Gauvin v.*

*New Haven,* supra, at 186, 445 A.2d 1", Violano v. Fernandez, 280 Conn. 310, 321–22 (2006)[1].

" 'The [common-law] doctrines that determine the tort liability of municipal employees are well established ... Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts ... Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature ... The hallmark of a discretionary act is that it requires the exercise of judgment ... In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.' (Citations omitted; internal quotation marks omitted.) *Martel v. Metropolitan District Commission*, 275 Conn. 38, 48-49, 881 A.2d 194 (2005). '[T]he issue of whether a statute, regulation or other provision of law creates a ministerial duty ordinarily presents a question of law to be decided by the court.' *Ventura v. East Haven,* 330 Conn. 613, 636, 199 A.3d 1 (2019) (overruling older cases holding that whether duty was ministerial or discretionary is question of fact). '[M]any of the Supreme Court cases have upheld the

---

[1] See also *Bacote v. New Haven,* Superior Court, judicial district of New Haven, Docket No. CV 06 5005855 (November 7, 2008, Robinson, J.) ("[A] motion to strike is the proper vehicle for raising the issue of governmental immunity ... [when] the alleged facts demonstrate that the defendants were engaged in a governmental function."); Warren-Downing v. City of New Haven, No. CV186083942, 2019 WL 2085710, at *1

granting of a motion to strike or motion for summary judgment based on the failure of a complaint to specify the specific statutory provision, town charter, rule, policy, ordinance or some other written directive ...' Mazzo v. Fairfield, Superior Court, judicial district of Fairfield, Docket No. CV-12-6031781 (March 13, 2015, Kamp, J.)", Schwartz v. Palmer, No. LLICV195011468S, 2019 WL 4514139, at *2.

    B.  The Contours of Governmental Immunity:

"The common-law doctrines that determine the tort liability of municipal employees are well established. Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. The hallmark of a discretionary act is that it requires the exercise of judgment. In contrast, ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion          (internal quotation marks omitted.) Martel v. Metropolitan District Commission, *275 Conn. 38, 48-49, 881 A.2d 194 (2005).* The issue of whether a statute, regulation or other provision of law creates a ministerial duty ordinarily presents a question of law to be decided by the court (Internal quotation marks omitted)Ventura *v. East Haven,* 330 Conn. 613, 636, 199 A.3d 1 (2019) (overruling older cases holding that whether duty was ministerial or discretionary is question of fact). 'Many of the Supreme Court cases have upheld the granting of a motion to strike or motion for summary judgment based on the failure of a complaint to specify the specific statutory provision, town charter, rule, policy, ordinance

or some other written directive',  Mazzo v. Fairfield, *Superior* Court, judicial district of Fairfield, Docket No. CV-12-6031781 (March 13, 2015, Kamp, J.)", Schwartz v. Palmer, No. LLICV195011468S, 2019 WL 4514139, at *2.

"If by statute or other rule of law an official's duty is clearly ministerial rather than discretionary, a cause of action lies for an individual injured from allegedly negligent performance. There is a difference between laws that impose general duties on officials and those that mandate a particular response to specific conditions.' (Citations omitted; internal quotation marks omitted.)  A ministerial act is an act which is 'performed in a prescribed manner without the exercise of judgment or discretion', Heigl v. Board of Education*,* 218 Conn. 1, 5, 587 A.2d 423 (1991). That is, there must be a written policy, directive or guidelines mandating a particular course of action. Bashaw v. Glastonbury*,* Superior Court, judicial district of Hartford, Docket No. CV 09 5032294 (December 7, 2010, Peck, J.) (51 Conn. L. Rptr. 100, 102). To allege properly the existence of a ministerial duty, a plaintiff must allege that the defendant was required to perform in a prescribed manner and failed to do so. Colon v. New Haven*,* 60 Conn.App. 178, 182, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000); see also Kolaniak v. Board of Education.*,*(28 Conn.App. 277.281)", Schwartz v. Palmer, No. LLICV195011468S, 2019 WL 4514139, at *

C.  Plaintiff's Obligation to Plead a Ministerial Act and a Specific Duty to Act in a
Prescribed Manner:

"To properly allege the existence of a ministerial duty, a plaintiff must allege that there
[is] 'a written policy, directive or guidelines' mandating a particular course of action
(Internal Citations and Quotations omitted)", Ventura v. Town of E. Haven, No.
CV085024235S, 2009 WL 5309701, at *4.

In the case of Hodge v. City of Norwalk, No. FSTCV186038254S, 2019 WL
3526432, at *4.The Plaintiff alleged that the Defendants were negligent in that they failed
to properly supervise the students (who allowed outsiders to enter the school and injure
that Plaintiff/student). The Defendants filed a Motion to Strike arguing that, while the
Plaintiff referred 'ministerial duties to act', no specific ordinances, policies or procedures
creating specific duties to act were cited. In granting the Defendants' Motion to Strike, the
Court held as follows:

> "The court has cited the lack of specificity almost as frequently as the
> plaintiff has included conclusory language as to the ministerial nature of
> duties of the defendants. That is no coincidence—under controlling law,
> identification of the ministerial duty is required with some level of specificity,
> including the specific source of that duty—regulation, statute, formally-
> adopted policy, etc.
>
> "[O]ur courts consistently have held that to demonstrate the existence
> of a ministerial duty on the part of a municipality and its agents, a plaintiff
> ordinarily must point to some statute, city charter provision, ordinance,
> regulation, rule, policy, or other directive that, by its clear language, compels
> a municipal employee to act in a prescribed manner, without the exercise of
> judgment or discretion. (Internal quotation marks and citation,
> omitted.) Ventura v. Town of East Haven, 330 Conn. 613, 631, 199 A.3d 1,

12 (2019)." Hodge v. City of Norwalk, No. FSTCV186038254S, 2019
WL352, 6432, at*4.

"Here, the plaintiff has not identified or pointed to any specific 'statute, city
charter provision, ordinance, regulation, rule, policy, or other directive' giving rise to
a ministerial obligation on the part of the defendants. The plaintiff has not identified
the substance of any such directive with any level of specificity, other than to say
that policies or directives existed that were ministerial in nature, relating to
supervision of students in the school and prevention of access to the building by
unauthorized individuals", Hodge v. City of Norwalk, No. FSTCV186038254S, 2019
WL 3526432, at *4.

In the present case, the Plaintiff's Complaint is equally devoid of any level of

specificity (and does not even allege the existence of a ministerial duty to act.


   D.  The Plaintiff Has Failed to Even Plead the Existence of a Ministerial Act Let

       Alone Identify One and Allege That it is Controlling of the Defendants' Conduct:

The Plaintiff has failed to allege the existence of a charter, code, policy or other

provision that mandated that the Defendants acted in a certain way upon the existence of

certain facts or circumstances. At most, the Plaintiff makes passing reference to Title IX of

the Education Amendments Act of 1972. She does not identify a provision within that act

or specify how this provision was ministerially binding upon the Defendants or how they

failed to perform some ministerial act that was mandated as the result of this provision.

Usually, claims brought in a school context deal with the supervision of the students.

For example, in Hodge v. City of Norwalk that Court observed as follows:

"In particular, supervision of students is so broad a concept that a
generic statement that the defendants had a ministerial duty relating to

supervision is in direct conflict with controlling law, to the effect that at least presumptively, supervision of students implicates a discretionary function. See, <u>Strycharz v. Cady</u>, 323 Conn. 548, 567-69, 148 A.3d 1011 (2016). As set forth in <u>Ventura</u> ( 330 Conn. 613, 631, 199 A.3d 1, 12 (2019)) and <u>Strycharz</u>, there can be specific ministerial duties imposed on officials otherwise exercising discretionary functions, but there must be some level of specificity as to the scope of the duty, and particularly specifying the mandated conduct/response to a particular situation. That is absent here", <u>Hodge v. City of Norwalk</u>, No. FSTCV186038254S, 2019 WL 3526432, at *4.

The same can be said of the duty of a school administrator to supervise the conduct of a teacher. In this case, for example, the Plaintiff alleges that the Board is liable since it "failed to use reasonable care to properly monitor and supervise the activities of (the teacher)" (Plaintiff's Complaint at Count Three at Par. 13(a)).

In this case the Plaintiff has failed to even allege that there was a ministerial duty that the Defendants failed to perform – let alone identify the source of this alleged ministerial duty. Accordingly, the Plaintiff has failed to set forth an adequate claim against the Defendants and those claims must be dismissed.

III.   <u>Conclusion</u>:

For the reasons as set forth above, those claims brought against the Board of Education and the school Principal (thirty years ago) must be stricken.

THE DEFENDANTS,
NORWALK BOARD OF EDUCATION
JOHN J. RAMOS

By: _____/s/ 301885_____
M. Jeffry Spahr
Deputy Corporation Counsel
City of Norwalk
125 East Avenue, PO Box 5125
Norwalk, CT  06856-5125
Juris No.: 100860
Tel.: (203) 854-7750
Email: jspahr@norwalkct.org

## **CERTIFICATION**

This is to certify that, in accordance with the Practice Book, as amended, a copy of the foregoing was mailed, postage prepaid, and/or electronically delivered on the above date to all counsel and pro se parties of record, as follows:

Frank Bartlett, Esq.                    Neal Patrick Rogan, Esq.
Bartlett Legal Group, LLC               Law Offices of Neal Rogan, LLC
36 Wallingford Road                     315 Post Road West
Cheshire, CT  06410                     Westport, CT  06880
Tel.:  (203) 439-7717                   Tel.:  (203) 341-8783
Email:  frank@bartlettlegalgroup.com    Email:  neal@nealrogan.com

{00079239.DOCX 1}

_____/s/ 301885_____

M. Jeffry Spahr

EXHIBIT C

DOCKET NO. FBT-CV-20-5043625      :     **SUPERIOR COURT**

                                         :

**JANE DOE**                               :     **JUDICIAL DISTRICT**

                                           :     **OF FAIRFIELD**

**VS.**                                        :     **AT BRIDGEPORT**

                                           :

**NORWALK BOARD OF EDUCATION, ET AL :**     **JANUARY 26, 2021**


### MEMORANDUM OF DECISION
### MOTION TO STRIKE


**INTRODUCTION:**

      Jane Doe (plaintiff) has brought a six-count complaint against three defendants, the

Norwalk Board of Education (Norwalk BOE), Lise Krieger (Krieger), and John J. Ramos

(Ramos), alleging that Krieger, while a teacher at Norwalk High School, sexually assaulted the

plaintiff, a minor and a student at the school, while Ramos was principal there. The counts are

not labeled by defendant or by legal theory. Norwalk BOE and Ramos have brought a motion to

strike counts three, four, five, and six. The plaintiff has opposed.

**Motion to Strike Standard:**

      The purpose of a motion to strike is to test the legal sufficiency of the allegations of the

complaint to state a claim upon which relief can be granted. See *Fort Trumbull Conservancy,*

*LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). On reviewing a complaint in the face

of a motion to strike, the court is to evaluate whether the allegations as plead in the complaint, if

proven, establish a valid cause of action. Accordingly, the court assumes the truth of all well

plead facts, and reasonable inferences therefrom, in making the foregoing determination. See

*Escourse* v. *100 Taylor Avenue, LLC*, 150 Conn. App. 805, 810-11, 92 A.3d 1016 (2014). Legal

conclusions which are plead are, however, not assumed to be true. See *Mora* v. *Aetna Life &*

*Casualty Ins. Co.,* 13 Conn. App. 208, 211, 535 A.2d 390 (1988).


**ANALYSIS:**

   The sole basis of the motion to strike is that the moving defendants are entitled to

governmental immunity pursuant to the common law and pursuant to General Statutes § 52-

557n.[1] In this regard, the moving defendants assert that the complained of acts, or failures to act,

of the moving defendants are subject to the application of governmental immunity because the

acts and omissions were not ministerial in nature and do not qualify for an exception to

governmental immunity.

   Count three appears to be directed against the Norwalk BOE, and asserts a negligence

claim as potentially allowed for by § 52-557n. Count four appears to be directed against both the

Norwalk BOE and Ramos, and asserts a negligence claim as potentially allowed for by § 52-

---

[1] The moving defendants have attempted to amend their motion to strike after completion of the briefing. The court finds that this belated attempt to amend the motion is procedurally improper. Further, the defendants' attempt to introduce evidence outside of the pleadings on a motion to strike is also improper.

557n. Count five appears to be directed against the Norwalk BOE, and appears to assert a claim

of vicarious liability as a result of the actions and omissions of Ramos and Krieger.[2] Count six

appears to be directed against the Norwalk BOE, and asserts a claim pursuant to General Statutes

§ 10-235.

      Typically, governmental immunity must be raised as a special defense in the defendant's

pleadings. However, where it is apparent from the face of the complaint that the political

subdivision, or the employees thereof, were engaging in a governmental function while

performing the acts and omissions complained of by the plaintiff, the defendant may attack the

legal sufficiency of the complaint through a motion to strike asserting governmental immunity.

See *Violano* v. *Fernandez*, 280 Conn. 310, 321, 907 A.2d 1188 (2006).  In this matter, the acts

and omissions of the Norwalk BOE and Ramos complained of in the third through sixth counts

are directed to alleged failures to manage, supervise, train, monitor, investigate, and enforce

matters in the operation of Norwalk High School. Clearly, as to the Norwalk BOE and Ramos,

the foregoing are functions directly related to the defendants' governmental duties. Accordingly,

the adequacy of the complaint in view of claims of potential governmental immunity may be

evaluated on a motion to strike.

---

[2] The acts of Krieger are alleged to have been a willful criminal sexual assault. The court notes that pursuant to § 52-557n(a)(2)(A) a political subdivision cannot be held liable for damages to persons or property caused by the willful criminal conduct of an employee thereof.

In general, both the common law doctrine of governmental immunity and § 52-557n (a) (2) (B) explicitly shield a political subdivision and its employees from damages to persons or property caused by negligent acts or omissions that arise from the exercise of judgment or discretion in executing official functions of authority expressly or impliedly granted by law. See General Statutes § 52-557n (a) (2) (B); see also *Doe* v. *Petersen*, 279 Conn. 607, 614, 903 A.2d 191 (2006). The hallmark of a discretionary act is that it requires the exercise of judgment. In contrast, political subdivisions, and employees thereof, can be held liable for damages to persons or property caused by negligent acts or omissions that arise from the conduct of ministerial acts. Ministerial acts are duties which arise from statutes, regulations, or policy which are to be performed in a prescribed manner without the exercise of judgment or discretion. See *Violano* v. *Fernandez*, supra, 280 Conn. 318.[3] Thus, provisional governmental immunity is provided for discretionary governmental acts, but no such immunity is provided for ministerial acts.

There are three exceptions to immunity for discretionary governmental acts. First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness, or an intent to injure. *Doe* v. *Petersen*, supra, 279 Conn. 615. Second, liability may

---

[3] Immunity from liability for negligence arising out of discretionary acts reflects a value judgment that the interest in having governmental officers and employees free to exercise judgment and discretion in their discretionary official functions, unhampered by fear of retaliatory lawsuits, outweighs the benefits to be had from imposing liability for injury. In contrast, there is no overriding interest when the acts complained of are ministerial acts to be performed in a specifically prescribed manner, because in such case there is no judgment or discretion to be hampered. This value judgment from the common law has been codified in General Statutes § 52-557n.

be imposed for a discretionary act when a statute specifically provides for a cause of action against a political subdivision. Id., 615-16. Lastly, liability may be imposed for a discretionary act when the circumstances make it apparent to the public officer or employee that his or her acts or failures to act would be likely to subject an identifiable person to imminent harm. Id., 616.

As noted, the claims of counts three through five are claims of negligence. Counts three and four note that the claims are brought pursuant to § 52-557n. However, § 52-557n does not itself authorize a new cause of action, but instead merely specifies which common law negligence claims may be brought. The claim of count six is a claim based upon the provisions of § 10-235. However, § 10-235 provides for indemnification from damages and expenses arising out of lawsuits against teachers, board members, employees, and certain volunteers. Section 10-235 does not provide a direct cause of action for a student arising out of personal injury as a result of a sexual assault.

In view of the foregoing, the first task is to make a determination of whether the acts and omissions of the Norwalk BOE and Ramos complained of in the complaint were ministerial or discretionary. To begin with, the court notes that the complaint does not allege that the acts and omissions of the Norwalk BOE or of Ramos were ministerial in nature. In fact, the complaint does not contain the word "ministerial" or an equivalent thereof. Further, the acts and omissions of the Norwalk BOE and Ramos which are complained of consist of alleged failures to manage, supervise, monitor, investigate, advise, train, and enforce, through which failures the moving defendants did not perceive and stop Krieger's misconduct with the plaintiff. Distilled to their

relevant essences, the plaintiff's allegations against the Norwalk BOE and Ramos are that the

moving defendants did not properly manage Norwalk High School and the teachers and students

there, such that they failed to detect and stop Krieger's misconduct. Accordingly, the acts and

omissions of the moving defendants are clearly discretionary governmental acts. The broad duty

to manage the school, and its teachers and students, very clearly involves discretion and

judgment, as do the subsidiary duties of supervision, monitoring, investigation, communication,

and training.

Further, in order to properly allege that the acts complained of were ministerial in nature,

the plaintiffs must allege specific acts and/or omissions that are required, and whose execution is

specifically prescribed, by some statute, ordinance, regulation, or written policy. As noted,

ministerial acts are specific duties which are to be discharged in a prescribed manner, without the

exercise of judgment or discretion. Here the complaint does not allege specific duties that were

prescribed by particular statutes, ordinances, regulations, or written policies. The closest that the

complaint comes to the foregoing is to allege a general failure to comply with Title IX of the

United States Code. Obviously, a general reference to an entire chapter of the United States Code

cannot define a ministerial duty. Accordingly, the complaint does not adequately allege that the

complained of acts and omissions were ministerial in nature because it does not allege that they

were ministerial and because it does not adequately allege particular statutes, ordinances,

regulations, or written policies that require and prescribe how the alleged acts and omissions

were to be conducted. Accordingly, the court finds that the acts and omissions of the Norwalk

BOE and of Ramos complained of involved discretionary governmental functions.

As noted, there are three exceptions to immunity for discretionary governmental acts. The

first potential exception is not applicable here because there are no allegations that the acts and

omissions of Norwalk BOE or of Ramos were taken with malice, wantonness, or intent to

injure.[4] Instead, the allegations against Norwalk BOE and Ramos are merely allegations of

negligence. The second potential exception is also inapplicable because there is no statute

alleged that specifically provides for the cause of action asserted.[5]

The plaintiff argues that the third potential exception applies, asserting that the

circumstances alleged should have made it apparent to the public officers or employees that their

acts or failures to act would be likely to subject an identifiable person to imminent harm.[6] In this

---

[4] While the acts of Krieger are alleged to have been a willful criminal sexual assault, the acts and omissions of the Norwalk BOE and of Ramos are alleged solely as negligence. The court notes that pursuant to § 52-557n(a)(2)(A) a political subdivision cannot be held liable for damages to persons or property caused by the willful criminal conduct of an employee thereof.

[5] The claims of counts three through five are claims of negligence. Counts three and four note that the claims are brought pursuant to § 52-557n. However, § 52-557n does not itself authorize a new cause of action, but instead merely specifies which common law negligence claims may be brought. Accordingly, the claims of counts three through five are claims of common law negligence. The claim of count six is a claim based upon the provisions of § 10-235. However, § 10-235 provides for indemnification from damages and expenses arising out of lawsuits against teachers, board members, employees, and certain volunteers. Section 10-235 does not provide a direct cause of action for a student arising out of personal injury as a result of a sexual assault.

[6] This exception has three elements: (1) a potential for imminent harm; (2) an identifiable victim; and (3) a public official to whom it was apparent that his or her conduct is likely to subject that victim to that imminent harm. All three of these factors are intimately tied to the question of foreseeability, and all must be met for a plaintiff to overcome immunity. See *Coe* v. *Board of Education*, 301 Conn. 112, 115-16, 19 A.3d 640 (2011). In order to

regard, the "identifiable person" may either be a specific person or a narrowly defined and identified class of foreseeable victims. See *Purzycki* v. *Fairfield*, 244 Conn. 101, 108-109, 708 A.2d 937 (1998). In this case, the identified class would be the students of Norwalk High School or the plaintiff herself. Thus, in order to evaluate this exception, we must determine whether the allegations are sufficient to establish that the Norwalk BOE and/or Ramos should have been on notice that their actions or failures to act would be likely to subject either the plaintiff or the school's students to imminent harm.

In order to meet the foregoing test, and for the potential harm to be imminent, the danger complained of must be limited in time and space. According to the complaint, the alleged acts and omissions occurred "[d]uring the late 1980's, when the plaintiff was a minor and a student at Norwalk High School." See First Count, paragraph six of the complaint. Clearly, the late 1980s does not limit the time involved such that the risk could reasonably be foreseen as imminent. The complaint further alleges that "a complaint was brought to the Principal and Board of Education," and that "[t]hereafter, Krieger was allowed to return to her position as a teacher . . . ." See First Count, paragraphs seven and eight. However, the allegations do not specify what was communicated in the foregoing complaint or when in time the complaint was delivered to the

---

qualify as a potential for imminent harm, it must have been apparent to the public official that a dangerous condition existed which was so likely to cause harm to the identifiable victim that the public official had a clear and unequivocal duty to act immediately to prevent the imminent harm. See *Haynes v. Middletown*, 314 Conn. 303, 322-23, 101 A. 3d 249 (2014).

Ramos or the Norwalk BOE. The complaint further broadens and confuses the time periods involved alleging in paragraph five of the First Count that the relevant time period occurred "During the late 1980s to early 1990s".

In view of the foregoing, the allegations are insufficient to allow an understanding of (i) specifically when in time Krieger engaged in misconduct[7] in relation to any notice, (ii) whether Ramos and the Norwalk BOE were sufficiently put on notice of potential imminent harm[8], and (iii) when in time Ramos and the Norwalk BOE were put on notice of any issue concerning Krieger[9]. Accordingly, the allegations are insufficient to establish the third exception to immunity for discretionary governmental acts because the allegations are insufficient to come to an understanding of whether or not the Norwalk BOE and/or Ramos should have been on notice that their actions or failures to act would be likely to subject either the plaintiff or the school's students generally to imminent harm.

---

[7] The time span of the late 1980s and early 1990s potentially spans up to a ten year period. Further, the allegations are insufficient to come to an understanding of when in this time span Krieger's alleged misconduct occurred, when it first started, when it stopped and when it restarted.

[8] The allegations are insufficient to understand the timing, content, context and result of the "complaint" referenced in paragraph seven of the First Count.

[9] The allegations are insufficient to understand the temporal relation between the timing of the "complaint" referenced in paragraph seven of the First Count and the initiation of the sexual relationship alleged in paragraph nine of the First Count.

In view of the foregoing, the court respectfully grants the defendants' motion to strike counts three through six. As to counts three through five, the allegations of negligent acts and omissions involve discretionary governmental functions of the Norwalk BOE and Ramos, and the allegations are insufficient to establish an exception to governmental immunity for those discretionary acts. Further as to count five, the alleged willful criminal conduct of Krieger cannot be the basis for subjecting the Norwalk BOE or Ramos to vicarious liability under the circumstances alleged as such is prohibited by § 52-557n(a)(2)(A). As for count six, § 10-235 does not provide a direct cause of action for the claim as alleged. Pursuant to Practice Book § 10-44, the plaintiff has fifteen days to file an appropriate substitute pleading.

**ORDER:**

Counts three through six are stricken.

John L. Cordani, Judge

*All counsel notified this date. Correct. Copies emailed to ROJD. Decision entered in accordance with the foregoing. 1/26/21*

EXHIBIT D

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

DOCKET No. FBT-CV-20-5043625-S       :   SUPERIOR COURT

JANE DOE       :   J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;       :   AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS       :   FEBRUARY 5, 2021

<div align="center">

**SUBSTITUTE COMPLAINT**

**(Pursuant to Practice Book §10-44)**

</div>

**FIRST COUNT:**

1. At all times mentioned herein, the plaintiff, Jane Doe, was a student at Norwalk High, a public high school in Norwalk, CT and at all times the plaintiff was a minor.

2. At all relevant times mentioned herein, the defendant, Lise Krieger (hereinafter "Krieger") was a teacher at Norwalk High School in Norwalk, CT and was considered to be a public trust employee.

3. At all times mentioned herein the defendant, John J. Ramos, was the Principal of Norwalk High School (hereinafter "Principal") and in charge of operating the school and supervising all staff and teachers including the defendant Krieger.

4. At all times mentioned herein, the defendant Norwalk Board of Education (hereinafter "Board of Education") operated, supervised and controlled Norwalk High School as a public school in Norwalk, Connecticut.



5. From August 31, 1988 to June 23, 1992, the Plaintiff was a student at Norwalk High School.

6. From August 31, 1988 to on or about June 23, 1989 and the defendant Krieger was the plaintiff's freshman English teacher at Norwalk High School.

7. During the 1988-1989 school year, when the plaintiff was a minor and a student at Norwalk High School and a member of Krieger's freshman English class, the defendant Krieger engaged in an inappropriate relationship with the plaintiff, showing her affection and making physical contact that exceeded the bounds of an appropriate teacher student relationship.

8. As a result of the aforementioned conduct, in or about June-August of 1989, a complaint was brought to the Board of Education through its agents and employees, then Superintendent Ralph E. Sloan and then Principal Lewis E. Dunlap, alleging that Krieger engaged in an inappropriate relationship with the plaintiff, showing her affection and making physical contact that exceeded the bounds of an appropriate teacher student relationship.

9. As a result of the aforementioned complaint, the Board of Education stipulated that Kreiger was to have no further contact with the plaintiff.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

10. Thereafter, Krieger was allowed to return to her position as a teacher at Norwalk High School.

11. Commencing on or about August 31 1989, when the plaintiff was still a minor and a student at Norwalk High School, and continuing thereafter the defendant Krieger was allowed to have contact with the plaintiff in direct violation of the aforementioned stipulation and, once again, initiated an inappropriate relationship with the plaintiff, which quickly became sexual.

12. The sexual relationship occurred at a time when the plaintiff was mentally, emotionally and legally unable to consent, and therefore constituted a sexual assault upon the plaintiff.

13. The sexual assault by the defendant Krieger upon the minor plaintiff violated Connecticut General Statutes§ 53a-71 (formerly codified at§ 53a-73).

14.  The foregoing acts by the defendant Krieger, exploiting her position as a teacher, were willful and malicious and constituted assault and/or battery against the person of the plaintiff.

15. As a result of the foregoing, the plaintiff suffered injuries of a serious, painful and permanent nature in that she suffered physical injuries from the sexual abuse and physical assault and severe emotional injuries in that she has suffered emotional distress,



low self-esteem, feelings of vulnerability and mistrust, anger, frustration, depression, sleep disturbance, intrusive recollections of the abuse, post-traumatic stress disorder; post-traumatic stress symptoms; interference with her relationships, episodes of sweating, episodes of heart racing, and feelings of shame, humiliation, guilt and anxiety, all of which were exacerbated by lack of timely treatment.

16. As a further result of the foregoing, the plaintiff may be forced to expend sums of money for psychological therapy in the future.

17. As a further result of the foregoing, the plaintiff's ability to enjoy her adolescence and adult years has been impaired.

18. As a further result of the foregoing, the plaintiff has lost time from her gainful employment and her future earnings may be impaired.

 **SECOND COUNT:**

1-18.   Paragraphs 1 through 18 of the First Count are hereby incorporated as paragraphs 1 through 18 of the Second Count.

19. The foregoing extreme and outrageous acts by the defendant Krieger intentionally caused severe emotional distress to the plaintiff.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

**THIRD COUNT:**

1-12. Paragraphs 1 through 12 of the First Count are hereby made paragraphs 1 through 12 of the Third Count.

13. At all times mentioned herein, the plaintiff was a school child on school property whose parents were required to relinquish their custody of the plaintiff during school hours, and, as such, the plaintiff was in an identifiable class of foreseeable victims of the defendant Krieger.

14. At all times mentioned herein, the plaintiff was further an identifiable victim due to the prior complaint lodged with the Board of Education stemming from Krieger's inappropriate contact and conduct with the plaintiff.

15. At all times mentioned herein the defendant Board of Education was obligated and required to generate, implement, enforce and follow school policies in compliance with Title IX of the Education Amendments of 1972 (hereinafter referred to as "Title IX), and more particularly 20 U.S.C. 1681 (a), *et seq.,* which prohibits sexual harassment and sexual abuse of public school students by educators, including but not limited to teachers.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

16. Following the complaint made to the Board of Education, the defendants further had a ministerial duty to ensure that Krieger was not allowed to have contact with the then minor plaintiff.

17. The Board of Education, and its agents and employees, further had a ministerial duty to comply with its own bylaws and policies, including, but not limited to § 0521.3, which required the Board of Education to maintain a learning and working environment that is free from sexual harassment.

18. The Board of Education, and its agents and employees, further had a ministerial duty, pursuant to Connecticut General Statutes §17a-101. (Formerly Sec. 17-38a), *et seq*, to report their reasonable suspicions that the plaintiff was being subjected to abuse at the hands of Krieger.

19. The Board of Education, and its agents and employees, further had a ministerial duty, pursuant to Connecticut General Statutes §10-15c to maintain a school system that was free of discrimination due to sex, including a school system that was free of sexual harassment and exploitation by educators.

20. The Board of Education, and its agents and employees, further had a ministerial duty, pursuant to Connecticut General Statutes §10-220 (a) to maintain a safe school



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

environment for students, including a school environment that was free of discrimination due to sex, sexual harassment and exploitation by educators.

21. The Board of Education, and its agents and employees, further had a ministerial duty to comply with Connecticut General Statutes §46a-81d and to ensure that they maintained a school system that was free of discrimination due to sex, including a school system that was free of sexual harassment and exploitation by educators.

22. The plaintiff suffered the injuries hereinafter set forth as a result of the negligence and carelessness of the defendant Board of Education and the defendant Principal acting herein through the board, trustees, faculty members, administrators, staff, agents, servants and/or employees in one or more of the following ways in that:

a. they failed to use reasonable care to properly monitor and supervise the activities of the defendant Krieger;

b. they knew or should have known that the defendant Krieger, a member of their faculty, was subjecting the plaintiff to sexual harassment, abuse and/or exploitation;

c. they failed to take steps to warn the plaintiff, a minor student, of a dangerous condition existing on its premises; namely, the danger presented by a member of its faculty, the defendant Krieger when they knew or should have known that the



defendant Krieger had unchaperoned access to minor students, including the minor plaintiff, in her classroom;

d.  they failed to advise or warn the plaintiff's parents that the defendant Krieger was spending alone time with the Plaintiff and/or of the danger presented by the defendant Krieger;

e.  they failed to take steps to investigate or monitor or supervise  the defendant Krieger when it was commonly known among the student body and/or faculty that the defendant Krieger spent alone time with minor students, including the minor plaintiff, in her classroom and elswhere;

f.  they failed to properly investigate or otherwise monitor or supervise the activities of the defendant Krieger in violation of the requirements of school policies and procedures;

g.  they failed to recognize that a member of its faculty had an unnatural interest in young girls, and in particular the minor plaintiff, and take appropriate steps to investigate or monitor or supervise the defendant Krieger;

h.  they retained the defendant Krieger as an active member of its faculty when they knew or should have known that she posed a danger to the plaintiff and other students;

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



i.   they failed to use reasonable care in evaluating the defendant Krieger as to her fitness to teach in the school system throughout the period of time that she was teaching at Norwalk High School;

j.   they failed to train faculty and/or other employees to recognize the signs and risk factors for possible sexual abuse and to take the appropriate steps when such risk factors were identified in accordance with school policies;

k.   they failed to identify the plaintiff as a potential target and victim of the defendant Krieger's misconduct when they knew or should have known that the defendant Krieger was spending unchaperoned alone time with minor students;

l.   they violated their own rules in allowing the defendant Krieger to have unsupervised and unmonitored contact with minor school children;

m.  they failed to comply with the guidelines established in accordance with Title IX in one or more of the following ways:

      i.   in that responsible employees knew or should have known in the exercise of reasonable care that the defendant Krieger was sexually harassing students including the minor plaintiff and failed to investigate and/or prevent further sexual harassment and/or sexual misconduct upon such students;



ii.  in that it failed to properly train and educate responsible employees, including the designated sexual harassment officer, and students regarding the investigation, prevention and definition of sexual harassment including educator sexual misconduct;

iii.  in that they failed to properly publicize and disseminate detailed grievance policies and procedures regarding the prompt and equitable resolution of sexual harassment complaints;

iv.  in that they failed to take immediate and appropriate steps to investigate known incidents and/or complaints of sexual harassment and/or sexual misconduct;

23.  As a result of the foregoing, the plaintiff was subjected to imminent harm which consisted of the initiation of an inappropriate relationship between Krieger and the plaintiff, which quickly became sexual.

24.  As a result of the foregoing, the plaintiff suffered injuries of a serious, painful and permanent nature in that she suffered physical injuries from the sexual abuse and physical assault and severe emotional injuries in that she has suffered emotional distress, low self-esteem, feelings of vulnerability and mistrust, anger, frustration, depression, sleep disturbance, intrusive recollections of the abuse, post-traumatic stress disorder;

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



post-traumatic stress symptoms; interference with her relationships, episodes of

sweating, episodes of heart racing, and feelings of shame, humiliation, guilt and anxiety,

all of which were exacerbated by lack of timely treatment.

25. As a further result of the foregoing, the plaintiff may be forced to expend sums of money

for psychological therapy in the future.

26. As a further result of the foregoing, the plaintiff's ability to enjoy her adolescence and

adult years has been impaired.

27. As a further result of the foregoing, the plaintiff has lost time from her gainful

employment and her future earnings may be impaired.

28. The defendant Principal in taking the aforesaid actions was acting in the course of his

employment as Principal of Norwalk High School and acting in furtherance of the

interests of the defendant Board of Education.

29. As a result of the foregoing, the defendant Board of Education is liable for the Plaintiffs

injuries pursuant to C.G.S. §52-557n.

**FOURTH COUNT:**

1-12. Paragraphs 1 through 12 of the First Count are hereby made paragraphs 1 through 12

of the Fourth Count.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · FAX: (203) 439-7730 · JURIS NO. 433299

13. At all times mentioned herein the defendant Board of Education was obligated and required to generate, implement, enforce and follow school policies in compliance with Title IX of the Education Amendments of 1972 (hereinafter referred to as "Title IX), and more particularly 20 U.S.C. 1681 (a), *et seq.,* which prohibits sexual harassment and sexual abuse of public school students by educators, including but not limited to teachers.

14. Then Superintendent Ralph E. Sloan and then Principal Lewis E. Dunlap were officials who had the authority to address the plaintiff's allegations of discrimination and to institute corrective measures on the Board of Education's behalf.

15. As a result of the complaint made in June-August of 1989, the Board of Education had actual notice of the discrimination to which the plaintiff was subjected.

16. As such, the Board of Education had a duty, pursuant to Title IX of the Education Amendments of 1972 (hereinafter referred to as "Title IX), and more particularly 20 U.S.C. 1681 (a), et seq., to take affirmative steps to prevent continued discrimination, including, but not limited to, preventing Krieger from having contact with the then minor plaintiff.

17. The Board of Education and Principal failed to take affirmative steps to prevent Krieger from having contact with the then minor plaintiff.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

18. The failure of the Board of Education and Principal to prevent Krieger from having contact with the then minor plaintiff constituted deliberate and reckless indifference to the discrimination of which it was aware.

19. The plaintiff suffered the injuries hereinafter set forth as a result of the deliberate indifference shown by the Board of Education and the defendant Principal acting herein through the board, trustees, faculty members, administrators, staff, agents, servants and/or employees in one or more of the following ways in that:

   a. they failed to comply with the guidelines established in accordance with Title IX in one or more of the following ways:

      i. in that responsible employees knew or should have known in the exercise of reasonable care that the defendant Krieger was sexually harassing students including the minor plaintiff and failed to investigate and/or prevent further sexual harassment and/or sexual misconduct upon such students;

      ii. in that it failed to properly train and educate responsible employees, including the designated sexual harassment officer, and students regarding the investigation, prevention and definition of sexual harassment including educator sexual misconduct;



Bartlett Legal Group, LLC · 36 Wallingford Road · P.O. Box 130 · Cheshire, CT 06410 · (203) 439-7717 · Fax: (203) 439-7730 · Juris No. 433299

iii.  in that they failed to properly publicize and disseminate detailed grievance policies and procedures regarding the prompt and equitable resolution of sexual harassment complaints;

iv.  in that they failed to take immediate and appropriate steps to investigate known incidents and/or complaints of sexual harassment and/or sexual misconduct and to prevent future incidents.

20. As a result of the foregoing, the plaintiff was subjected to imminent harm which consisted of the initiation of an inappropriate relationship between Krieger and the plaintiff, which quickly became sexual.

21. As a result of the foregoing, the plaintiff suffered injuries of a serious, painful and permanent nature in that she suffered physical injuries from the sexual abuse and physical assault and severe emotional injuries in that she has suffered emotional distress, low self-esteem, feelings of vulnerability and mistrust, anger, frustration, depression, sleep disturbance, intrusive recollections of the abuse, post-traumatic stress disorder; post-traumatic stress symptoms; interference with her relationships, episodes of sweating, episodes of heart racing, and feelings of shame, humiliation, guilt and anxiety, all of which were exacerbated by lack of timely treatment.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

22. As a further result of the foregoing, the plaintiff may be forced to expend sums of money for psychological therapy in the future.

23. As a further result of the foregoing, the plaintiff's ability to enjoy her adolescence and adult years has been impaired.

24. As a further result of the foregoing, the plaintiff has lost time from her gainful employment and her future earnings may be impaired.

25. The defendant Principal in taking the aforesaid actions was acting in the course of his employment as Principal of Norwalk High School and acting in furtherance of the interests of the defendant Board of Education.

26. As a result of the foregoing, the defendant Board of Education is liable for the Plaintiffs injuries pursuant to the direct cause of action created by Title IX of the Education Amendments of 1972 (hereinafter referred to as "Title IX), and more particularly 20 U.S.C. 1681 (a), *et seq.,*.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

**FIFTH COUNT:**

1-28. Paragraphs 1 through 28 of the Third Count are hereby made paragraphs 1 through 28 of the Fifth Count.

29. At all times mentioned herein, the defendant Principal was acting in the course and scope of his employment with the Norwalk school system and acting in furtherance of the interests of the defendant Board of Education.

30.  As a result of the foregoing, the defendant Board of Education is liable for the Plaintiff's injuries.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

WHEREFORE, the plaintiff claims:

1. Monetary damages within the jurisdiction of this Court for her pain, suffering, personal injuries and humiliation;

2. Punitive damages on the First, Second and Fourth Counts;

3. Exemplary damages on the First, Second and Fourth Counts; and

4. Such other relief as this Court shall deem just and equitable.

THE PLAINTIFF
JANE DOE

BY: ____/423808/_____
FRANK C. BARTLETT, JR.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
(203) 439-7717
frank@bartlettlegalgroup.com



DOCKET No. FBT-CV-20-5043625-S              : SUPERIOR COURT

JANE DOE                                    : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;                 : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS                 : FEBRUARY 5, 2021

<u>**CLAIM FOR RELIEF**</u>

WHEREFORE, the Plaintiff claims in excess of Fifteen Thousand ($15,000.00)

Dollars damages, exclusive of interest and costs, as follows:


1.    Compensatory  damages in an amount which this Court shall deem just, fair and equitable on all counts;
2.    Punitive damages in an amount this Court shall deem just, fair and equitable on the First, Second and Fourth Counts;
3.    Exemplary damages on the First, Second and Fourth Counts; and
4.    Such other relief as this Court shall deem just and equitable.

THE PLAINTIFF
JANE DOE

BY:    /423808/
FRANK C. BARTLETT, JR.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
(203) 439-7717
frank@bartlettlegalgroup.com

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



EXHIBIT E

STATE OF CONNECTICUT

    SS: **WATERTOWN**                      **September 8, 2020**

COUNTY OF LITCHFIELD                **DOCKET NUMBER: FBT-CV20-5043625-S**

    Then and there by virtue hereof, and at the direction of the Plaintiff's Attorney, **ON THE 8TH DAY OF SEPTEMBER, 2020,** I served the within named Defendant(s);

    **JOHN J. RAMOS**
    **NORWALK BOARD OF EDUCATION**
    **LISE KRIEGER**

By leaving a true and attested copy of the **ORIGINAL WRIT, SUMMONS, COMPLAINT, ORDER, CLAIM FOR RELIEF, EX PARTE APPLICATION FOR PERMISSION TO PROSECUTE SUIT IN FICTITIOUS NAME, EX PARTE MOTION TO SEAL AFFIDAVIT, MOTION FOR CONTINUED USE OF FICTITIOUS NAME, MOTION TO SEAL AFFIDAVIT AFTER A HEARING, & TIME DATE SCOPE AND DURATION OF SEALING OR CLOSURE ORDER,** with my endorsement thereon**;**

    At the usual place of abode of said Defendant, **JOHN J. RAMOS, 140 POND VIEW DRIVE, WATERTOWN, CT.**  Left with his spouse, Jackie.

    With, **CHARLES, PERSON-IN-CHARGE AT TIME OF SERVICE, NORWALK BOARD OF EDUCATION, 125 EAST AVENUE, NORWALK, CT.**

    In accordance with CONNECTICUT GENERAL STATUTE 52-59b(c)©:

    With the **SECRETARY OF THE STATE OF CONNECTICUT, 165 CAPITAL AVENUE, HARTFORD, CT**, statutory agent for service for the within named Defendant(s), **LISE KRIEGER.**

    Thereafter, I Deposited same in the **U.S. POST OFFICE,** City of Watertown, County of Litchfield, via certified mail, postage paid, return receipt requested, with my doings of service upon the Secretary of State, with my endorsement thereon**;**

    Addressed to, **LISE KRIEGER, 35 MASTERSON ROAD, WHATELY, MA 01093.**

    Supplemental Return to Follow.

    With, **ATTORNEY NEAL ROGAN, 315 POST ROAD WEST, WESTPORT, CT, REPRESENTING SAID DEFENDANT, LISE KRIEGER.**

The within and foregoing is the **ORIGINAL WRIT, SUMMONS, COMPLAINT, ORDER, CLAIM FOR RELIEF, EX PARTE APPLICATION FOR PERMISSION TO PROSECUTE SUIT IN FICTITIOUS NAME, EX PARTE MOTION TO SEAL AFFIDAVIT, MOTION FOR CONTINUED USE OF FICTITIOUS NAME, MOTION TO SEAL AFFIDAVIT AFTER A HEARING, & TIME DATE SCOPE AND DURATION OF SEALING OR CLOSURE ORDER,** with my doings endorsed hereon.

            Attest:

            Joseph Parrillo
              State Marshal

| Services | 160.00 |
|---|---|
| Pages | 180.00 |
| Mileage | 111.55 |
| Endorsement | 6.00 |
| Secretary of State | 50.00 |
| Certified Mail | 8.60 |
|  |  |
| Total | 516.15 |

EXHIBIT F



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

Lisa Krieger

1

## Lise Krieger
## 35 Masterson Road
## Whately, MA 01093

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

9590 9402 4755 8344 0468 37

2. Article Number (Transfer from service label)

7018 2290 0000 1971 1914

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

HARTFORD CT 060

2 SEP 2020 PM 5 L

9590 9402 4755 8344 0468 37

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Joseph Parrillo
State Marshal
P.O. Box 137
Watertown, CT  06795

STATE OF CONNECTICUT

   SS: **WATERTOWN**                           **September 14, 2020**

COUNTY OF LITCHFIELD

     **Certified Mail 7018 2290 0000 1971 1914**

DOE                           SUPERIOR COURT
V
NORWALK BOARD OF EDUCATION, ET AL

    Afterwards, **on the 14th Day of September, 2020**, I received the attached **delivered, and signed receipt** for **7018 2290 0000 1971 1914,** as addressed to **LISE KRIEGER, 35 MASTERSON ROAD, WHATELY, MA 01093,** which is attached hereto.

Attest:

Joseph Parrillo
     State Marshal

EXHIBIT G

FBT-CV-20-5043625-S             :    SUPERIOR COURT

                                            :

JANE DOE                             :    J.D. OF FAIRFIELD

                                            :

V.                                                   :    AT BRIDGEPORT

                                            :

NORWALK BOARD OF EDUCATION, Et Al   :

                                            :    SEPTEMBER   23, 2020

## **MOTION TO DISMISS**

      The Defendant in the above-captioned case, the Norwalk Board of Education, hereby moves to dismiss the claims brought against it, pursuant to Practice Book Sections 10-30 et al, for the reason that the Court does not have jurisdiction over said Defendant due to the failure of the Plaintiff to make effective service of process as required by the law.

      The reasons for said Motion are more particularly set out in the attached Memorandum of Law in Support of Motion to Dismiss.

                                       THE DEFENDANTS:
                                       NORWALK BOARD OF EDUCATION
                                       JOHN J. RAMOS

                                   _____/S/  100860_____
                                   M. Jeffry Spahr
                                   Deputy Corporation Counsel
                                   City of Norwalk
                                   125 East Avenue
                                   Norwalk, CT 06851
                                   Juris # 100860
                                   Tel: (203) 854-7750
                                   Fax: (203) 854-7901
                                   Email: jsphar@norwalkct.org

**CERTIFICATION**

       I certify that a copy of this document was mailed or delivered electronically on this date hereof to all attorneys and self-represented parties of record.


Frank Bartlett, Esq.               Neal Patrick Rogan, Esq.
Bartlett Legal Group, LLC       Law Offices of Neal Rogan, LLC
36 Wallingford Road             315 Post Road West
Cheshire, CT  06410             Westport, CT  06880
Tel.:  (203) 439-7717            Tel.:  (203) 341-8783
Email:  frank@bartlettlegalgroup.com   Email:  neal@nealrogan.com


_____/S/_____
M. Jeffry Spahr

| FBT-CV-20-5043625-S | : | SUPERIOR COURT |
| | : | |
| JANE DOE | : | J.D. OF FAIRFIELD |
| | : | |
| V. | : | AT BRIDGEPORT |
| | : | |
| NORWALK BOARD OF EDUCATION, Et Al | : | |
| | : | SEPTEMBER  23, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

I.    Procedural Background:

This matter has been commenced pursuant to a Complaint dated August 24, 2020. Pursuant to the Return of Service (107.00) it is indicated that service of process upon the Norwalk Board of Education was attempted by leaving a copy of the legal documents with someone referred to as 'Charles, Person-in-Charge, at time of service'.[1]

No service of process was made or even attempted to be made upon a legitimate representative of the Board of Education as required by law.

II.    Law and Argument:

"A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court ... A motion to dismiss tests, *inter alia,* whether, on the face

---

[1] Upon information and belief the 'Charles' referred to is a security guard (not an employee of either the City of Norwalk or Board of Education) who was sitting at a desk in the City Hall lobby.

{00077633.DOCX 1}

of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Filippi v. Sullivan,* 273 Conn. 1, 8, 866 A.2d 599 (2005).

"The grounds which may be asserted in a motion to dismiss include insufficiency of service of process." *Zizka v. Water Pollution Control Authority,* 195 Conn. 682, 687, 490 A.2d 509 (1985).

"The Superior Court has no authority to render a judgment against a person who was not properly served with process", *Mosby v. Bd. of Educ. of City of Norwalk*, 191 Conn. App. 280, 284 (2019).

"The Superior Court may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of [personal] jurisdiction over that party.  Therefore, proper service of process is not some mere technicality (internal quotation marks and citation omitted)", Id. at 284.

"When a particular method of serving process is set forth by statute, that method must be followed. Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction.  An action commenced by such improper service must be dismissed." (Citations omitted; internal quotation marks omitted", Id.

'The language of subdivisions (4) and (5) of § 52-57 (b) … prescribes the methods of service required in order for the court to obtain jurisdiction over particular classes of defendants. Section 52-57 (b) (4) provides that process shall be served "*against a school district, upon its clerk or one of its committee* ...." (Emphasis added.) Section 52-57 (b) (5) provides that process shall be served "*against a board, commission, department or agency of a town, city or borough*, notwithstanding any provision of law, *upon the clerk of the town, city or borough*, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the board, commission, department or agency ...." (Emphasis added.) As such, these subdivisions unambiguously distinguish the particular ways that service is required to be made upon a school district and a municipal board. The issue, thus, is whether the board in the present case properly is categorized as a 'school district' or 'a board of a town.'", *Mosby v. Bd. of Educ. of City of Norwalk*, 191 Conn. App. 280, 284–85 (2019).

> "It has been held that a Board of Education is to be considered a 'board of a city' and that service of process must be made accordingly as set forth in CGS Section 52-57(5). Id. In accordance with our Supreme Court's reasoning in *State Employees Retirement Commission*, we will not torture the language in § 52-57 (b) to construe a school board of education as being the equivalent of a school district where the plain meaning of the statute makes a clear distinction between the two. We, thus, agree with the board that process properly is served against a school board of education only when it is made 'upon the clerk of the town, city, or borough' pursuant to § 52-57 (b) (5). See *Board of Education* v. *Local 1282*, 31 Conn. App. 629, 632, 626 A.2d 1314 ('[t]he designation of a particular officer or officers on whom service may be made excludes all others.'), cert. granted, 227 Conn. 909, 632 A.2d 688 (1993) (appeal withdrawn January 3, 1994)", *Mosby v. Bd. of Educ. of City of Norwalk*, 191 Conn. App. 280, 286 (2019).

Thus, where service of process was attempted by leaving the papers with the Superintendent's secretary, it was deemed to be insufficient, *Mosby v. Board of Education*, Id. at 286-287.

In the present case the Return of Service indicates that service of process was attempted by leaving the papers with someone identified as 'Charles' and described as having the lofty position of being a 'Person-in-Charge' (whatever that means).

Clearly this 'Charles'/'Person in Charge' is not the City Clerk for the City of Norwalk. In addition, there is no indication that two (2) sets of the documents were left with this individual as required by the statute.

III.     Conclusion:

For the reasons as set forth above the Defendant's Motion to Dismiss should be granted in that the Plaintiff has failed to make acceptable service of process upon the Board of Education.

THE DEFENDANTS:
NORWALK BOARD OF EDUCATION
JOHN J. RAMOS

_____/S/  100860_____
M. Jeffry Spahr
Deputy Corporation Counsel
City of Norwalk
125 East Avenue
Norwalk, CT 06851
Juris # 100860
Tel: (203) 854-7750
Fax: (203) 854-7901
Email: jsphar@norwalkct.org

## **CERTIFICATION**

I certify that a copy of this document was mailed or delivered electronically on this date hereof to all attorneys and self-represented parties of record.

Frank Bartlett, Esq.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
Tel.:  (203) 439-7717
Email:  frank@bartlettlegalgroup.com

Neal Patrick Rogan, Esq.
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT  06880
Tel.:  (203) 341-8783
Email:  neal@nealrogan.com

_____/S/ 100860_____
M. Jeffry Spahr

EXHIBIT H

STATE OF CONNECTICUT

SS: **NORWALK**                                                    **September 29, 2020**

COUNTY OF FAIRFIELD                         **DOCKET NUMBER: FBT-CV20-5043625-S**

**SUPPLEMENTAL RETURN**

Then and there by virtue hereof, and at the direction of the Plaintiff's Attorney, **ON THE 29TH DAY OF SEPTEMBER, 2020,** I served the within named Defendant(s);

**NORWALK BOARD OF EDUCATION**

By leaving Two (2) true and attested copies of the **ORIGINAL WRIT, SUMMONS, COMPLAINT, ORDER, CLAIM FOR RELIEF, EX PARTE APPLICATION FOR PERMISSION TO PROSECUTE SUIT IN FICTITIOUS NAME, EX PARTE MOTION TO SEAL AFFIDAVIT, MOTION FOR CONTINUED USE OF FICTITIOUS NAME, MOTION TO SEAL AFFIDAVIT AFTER A HEARING, & TIME DATE SCOPE AND DURATION OF SEALING OR CLOSURE ORDER,** with my endorsement thereon;

With and in the hands of, **DONNA I. KING, CITY CLERK OF CITY OF NORWALK, 125 EAST AVENUE, NORWALK, CT, FOR SAID DEFENDANT, NORWALK BOARD OF EDUCATION.**

The within and foregoing is the **ORIGINAL WRIT, SUMMONS, COMPLAINT, ORDER, CLAIM FOR RELIEF, EX PARTE APPLICATION FOR PERMISSION TO PROSECUTE SUIT IN FICTITIOUS NAME, EX PARTE MOTION TO SEAL AFFIDAVIT, MOTION FOR CONTINUED USE OF FICTITIOUS NAME, MOTION TO SEAL AFFIDAVIT AFTER A HEARING, & TIME DATE SCOPE AND DURATION OF SEALING OR CLOSURE ORDER,** with my doings endorsed hereon.

Attest:

Joseph Parrillo
                State Marshal

| Services | 40.00 |
|---|---|
| Pages | 68.00 |
| Mileage | 58.65 |
| Endorsement | 2.40 |
| Courtesy Discount | -39.05 |
| | |
| Total | 130.00 |

EXHIBIT I

# WITHDRAWAL

JD-CV-41  Rev. 1-18

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

| Docket number |
|---|
| **FBT-CV-20-5043625-S** |
| Return date *(For Civil and Housing cases only)* |
| **Sep-22-2020** |
| Answer date *(For Small Claims cases only)* |

Instructions:
*1. Complete this form by selecting any applicable withdrawal categories below.*
*2. File with the clerk.*

Name of case *(First-named Plaintiff vs. First-named Defendant)*
**DOE,JANE  v. NORWALK BOARD OF EDUCATION Et Al**

| [X] Judicial District | [ ] Housing Session | Address of court *(Number, street, town and zip code)* **1061 MAIN STREET BRIDGEPORT, CT 06604** |
|---|---|---|

## Dispositive (Complete) Withdrawal
*(Do not check the following two boxes if any intervening complaints, cross complaints, counterclaims, or third party complaints remain pending in this case. See below for partial withdrawal of action.)*

(WDACT)    [ ] The Plaintiff's action is WITHDRAWN AS TO ALL DEFENDANTS without costs to any party.

(WOARD)    [ ] A judgment has been rendered against the following Defendant(s): _____

and the Plaintiff's action is WITHDRAWN AS TO ALL REMAINING DEFENDANTS without costs.

## Partial Withdrawal
**The following pleading(s), motion(s) or other paper(s) in the case named above is or are withdrawn:**

| | | | |
|---|---|---|---|
| (WDCOMP) | [ ] Complaint | (WAPPCOM) | [ ] Apportionment Complaint |
| (WOC) | [ ] Counterclaim | (WDINTCO) | [ ] Intervening Complaint |
| (WDCC) | [ ] Cross Complaint (cross claim) | (WDTHPC) | [ ] Third Party Complaint |
| (WDCOUNT) | [ ] Counts of the complaint: _____ | | |

(WOAAP)    [ ] Plaintiff(s): _____

(WOAAD)    [ ] Complaint against defendant(s): _____
only without costs

(WOM)    [X] Motion: **Motion to Dismiss** _____
[ ] Other: _____

## Signature of Filer(s)

| Party | **D-01 NORWALK BOARD OF EDUCATION** | ; By | **NORWALK CORPORATION COUNSEL** | Attorney or Self-represented party |
|---|---|---|---|---|
| Party | **D-03 JOHN J RAMOS** | ; By | **NORWALK CORPORATION COUNSEL** | Attorney or Self-represented party |
| Party | | ; By | | Attorney or Self-represented party |
| Party | | ; By | | Attorney or Self-represented party |

| *Name & Address of Filer(s):* ▶ | **M JEFFRY SPAHR** |
|---|---|
| | **125 East Avenue, Norwalk CT  06851** |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) _____Oct-2-2020_____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

| Name and address of each party and attorney that copy was or will be mailed or delivered to* | For Court Use Only |
|---|---|
| **CHRISTOPHER SUGAR - 125 EAST AVENUE/NORWALK, CT 06852** | |

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer)* ▶ **301885** | Print or type name of person signing **M JEFFRY SPAHR** | Date signed **Oct-2-2020** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* **LAW DEPT., ROOM 237 125 EAST AVENUE NORWALK, CT 06851** | | Telephone number **203-854-7750** |

**Continuation of JDCV41 Withdrawal for FBT-CV-20-5043625-S**

**Submitted By NORWALK CORPORATION COUNSEL (100860)**

**Certification of Service (Continued from JDCV41)**

**Name and Address at which service was made:**

ROGAN NEAL LAW OFFICES OF LLC - 315 POST ROAD WEST/WESTPORT, CT 06880

BARTLETT LEGAL GROUP LLC - 36 WALLINGFORD ROAD/PO BOX 130/CHESHIRE, CT 06410

CITY OF NORWALK CORPORATION COUNSEL - CITY HALL/125 EAST AVENUE/NORWALK, CT 06851

**\*\*\*\*\* End of Certification of Service \*\*\*\*\***

EXHIBIT J

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

DOCKET No. FBT-CV-20-5043625-S       :   SUPERIOR COURT

JANE DOE       :   J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;       :   AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS       :   OCTOBER 23, 2020

### PLAINTIFFS' OBJECTION TO MOTION TO STRIKE

Pursuant to Practice Book § 10-35, *et seq.*, the Plaintiff, Jane Doe, hereby objects to the defendant Norwalk Board of Education and John J. Ramos' Motion to Strike Counts Three through Six of the Plaintiff's Complaint and associated prayers for relief, dated October 20, 2020. This very Court has ruled that there is a question of fact regarding whether a Board of Education's duty to supervise its employees is discretionary or ministerial, thereby precluding the granting of a Motion to Strike on the grounds raised by the defendant. *Doe v. Edwards* Superior Court of Connecticut, Judicial District of Fairfield, At Bridgeport, Docket No. CV-95-319952-S *Hauser, J.* (February 9, 1996). Furthermore, the plaintiff has properly plead that she was an identifiable victim subject to imminent harm, an exception to the doctrine of governmental immunity. As the sole issue raised by the Defendants is the doctrine of Governmental Immunity, the Defendants' Motions must be denied and this Objection thereto, Sustained.

A Memorandum of Law in support of this Objection is attached hereto.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

THE PLAINTIFF,
JANE DOE

_____/423808/_____
FRANK C. BARTLETT, JR.
Bartlett Legal Group LLC
36 Wallingford Road
Cheshire, CT 06410
Phone : 203-439-7717 Fax : 203-439-7730
Firm Juris No. : 433299
Email Address :frank@bartlettlegalgroup.com

## CERTIFICATION

I hereby certify that on October 23, 2020, a copy of the above was sent electronically to the following counsel of record who have consented to electronic service and mailed to all counsel of record who have not so consented.

Neal P. Rogan
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT 06880
neal@nealrogan.com

Jeff Spahr
Christopher Sugar
City of Norwalk
Office of Corporation Counsel
125 East Avenue, Rm 237
Norwalk, CT
JSPAHR@norwalkct.org
Sugarc@norwalkps.org

By _____/423808/_____
FRANK C. BARTLETT, JR.



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

| DOCKET No. FBT-CV-20-5043625-S | : SUPERIOR COURT |
|---|---|
| JANE DOE | : J.D. OF FAIRFIELD |
| vs. | |
| NORWALK BOARD OF EDUCATION; | : AT BRIDGEPORT |
| LISE KRIEGER; JOHN J. RAMOS | : OCTOBER 23, 2020 |

## <u>MEMORANDUM OF LAW IN SUPPORT OF<br>PLAINTIFFS' OBJECTION TO MOTION TO STRIKE</u>

On August 26, 2020, the undersigned plaintiff filed a six count complaint against the defendants Norwalk Board of Education, Lise Krieger and John J. Ramos.  The claims against the Norwalk Board of Education and John J. Ramos (Norwalk Defendants) are set forth in Counts Three through Six, alleging Negligence (Counts 3 and 4), Respondeat Superior (Count 5) and Statutory Indemnification (Count 6), stemming from the sexual assault of the then minor plaintiff by the defendant Lise Krieger, a teacher at Norwalk High School.  On October 20, 2020, the Norwalk Defendants, through counsel, filed a Motion to Strike, seeking the deletion of Counts Three through Six, citing only the doctrine of Governmental Immunity pursuant to CGS § 52-557n, in that the plaintiff had failed to allege a ministerial duty that was breached by the defendants.

The standard for ruling on a motion to strike is well settled. A motion to strike challenges the legal sufficiency of a pleading and requires no factual findings by the trial



court. *Comm'r of Labor v. C.J.M. Servs., Inc.*, 268 Conn. 283, 292 (2004). A court construes the pleading in the manner most favorable to supporting its legal sufficiency. *Fort Trumbull Conservancy, LLC v. Alves*, 262 Conn. 480, 498 (2003). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action ... the complaint is not vulnerable to a motion to strike." *Bouchard v. People's Bank*, 219 Conn. 465, 471 (1991). Finally, "pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Doe v. Yale Univ.*, 252 Conn. 641, 667 (2000).

    As a preliminary matter, this very court has previously ruled that, whether a principal and school board's duty to supervise its employees constitutes a ministerial duty or a discretionary duty is a question of fact for the jury that cannot be resolved via a Motion to Strike.  *Doe v. Edwards*, Superior Court of Connecticut, Judicial District of Fairfield, At Bridgeport, Docket No. CV-95-319952-S *Hauser, J.* (February 9, 1996)  In the present case, the plaintiff has further alleged in paragraph 12 that the "Board of Education was obligated and required to generate, implement, enforce and follow school policies in compliance with Title IX of the Education Amendments of 1972 (hereinafter referred to as "Title IX) which prohibits sexual harassment and sexual abuse of public school students by educators, including but not limited to teachers." When taken as true and interpreted in the manner most favorable to sustaining the viability of the complaint, the plaintiff has properly plead the existence of a ministerial duty.  On this basis alone, the defendant's Motion to Strike must be denied.

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

Even were the Court to agree with the defendants, however, and find that the plaintiff had alleged solely discretionary acts, our Supreme Court has identified three exceptions to discretionary act immunity. One such exception allows liability to be imposed when the circumstances make it apparent to the public officer that his or her failure to act [or action] would be likely to subject an identifiable person to imminent harm. See *Doe v. Petersen*, 279 Conn. 607, 615-16 (2006).  In *Durrant v. Board of Education*, 284 Conn. 91, 107 (2007), our Supreme Court held that schoolchildren attending public schools during school hours is an identifiable class of foreseeable victims that we have recognized for these purposes.  As the plaintiff has alleged in paragraph 11 that she fell within this identifiable class of victims, the plaintiff has alleged that she falls within a recognized exception to the governmental immunity cited by the Norwalk Defendants.

WHEREFORE, as the plaintiff has properly alleged a ministerial duty to act and has further alleged that she is within an identifiable class of victims subject to imminent harm, the Norwalk Defendants' Motion to Strike must be denied and this Objection thereto sustained.

THE PLAINTIFF,
JANE DOE

_____/423808/_____
FRANK C. BARTLETT, JR.
Bartlett Legal Group LLC
36 Wallingford Road
Cheshire, CT 06410
Phone : 203-439-7717 Fax : 203-439-7730
Firm Juris No. : 433299
Email Address :frank@bartlettlegalgroup.com



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

## CERTIFICATION

I hereby certify that on October 23, 2020, a copy of the above was sent electronically to the following counsel of record who have consented to electronic service and mailed to all counsel of record who have not so consented.

Neal P. Rogan
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT 06880
neal@nealrogan.com

Jeff Spahr
Christopher Sugar
City of Norwalk
Office of Corporation Counsel
125 East Avenue, Rm 237
Norwalk, CT
JSPAHR@norwalkct.org
Sugarc@norwalkps.org

By _____/423808/_____
FRANK C. BARTLETT, JR.



ℹ️ Cited
As of: October 23, 2020 5:14 PM Z

# *Doe v. Edwards*

Superior Court of Connecticut, Judicial District of Fairfield, At Bridgeport

February 9, 1996, Decided ; February 15, 1996, Filed

NO. CV95 31 99 52 S

**Reporter**
1996 Conn. Super. LEXIS 407 *

JOHN DOE PPA JOE SMITH, ET AL VS JOSEPH C. EDWARDS, ET AL

**Notice:** [*1]    THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

## Core Terms

teacher, respondeat, parentis, loco, sexual

## Case Summary

**Procedural Posture**
Defendants, the City of Bridgeport, the Bridgeport Board of Education, and a teacher, filed a motion to strike part of plaintiff student's complaint against defendants alleging that the teacher engaged in unconsented sexual relations with the student and that the City and Board were liable for negligent hiring and supervision of the teacher.

**Overview**

The student brought an action against defendants, alleging that the teacher engaged in sexual relations with the student and containing counts for negligence, negligent supervision, under respondeat superior or agency theory, and that the teacher was entitled to indemnification from the Board and City. Defendants filed a motion to strike those counts of the complaint, arguing that the student failed to set forth a legally recognizable cause of action. The court held that the student sufficiently pleaded a cause of action for negligent hiring, that the student failed to allege that the teacher's acts were in furtherance of the Board or City's business, that *Conn. Gen. Stat. §§ 7-465*, *10-235* specifically excluded indemnification for employees who caused damages as a result of any wilful or wanton act, that there was a question of whether defendants' duty to supervise its employees was discretionary or ministerial in nature, and that defendants were not protected by sovereign or governmental immunity or the doctrine of loco parentis from the student's allegations of negligent supervision. The teacher's alleged acts of sexual misconduct were clearly outside the scope of his employment.

**Outcome**
The court granted defendants' motion to strike the counts of the student's complaint which alleged that the Board and the City were responsible for the teacher's actions on a respondeat superior theory and that the teacher was entitled to indemnification from the City and Board. The court denied the motion to strike the counts of the student's complaint which alleged negligence and negligent failure to supervise.

## LexisNexis® Headnotes

1996 Conn. Super. LEXIS 407, *1

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

**HN1**[⚓] **Defenses, Demurrers & Objections, Motions to Strike**

In Connecticut, a motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Conn. Gen. Prac. Book, R. Super. Ct. § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. It admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint.

Civil Procedure > Trials > Jury Trials > Province of Court & Jury

Torts > ... > Elements > Duty > General Overview

Torts > Negligence > General Overview

**HN2**[⚓] **Jury Trials, Province of Court & Jury**

In Connecticut, for a cause of action in negligence to exist, there must be a duty upon the defendant. The existence of a duty is a question of law. Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty.

Torts > Negligence > General Overview

Torts > Business Torts > Negligent Hiring, Retention & Supervision > General Overview

Torts > Public Entity Liability > Liability > General Overview

**HN3**[⚓] **Torts, Negligence**

Connecticut recognizes the existence of a cause of action for the negligent hiring of an employee. This common-law tort is not limited to instances of liability of public officials but extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment.

Business & Corporate Law > ... > Duties & Liabilities > Unlawful Acts of Agents > Intentional & Willful Injuries

Real Property Law > Torts > General Overview

Business & Corporate Law > Agency Relationships > General Overview

Business & Corporate Law > ... > Agents Distinguished > Independent Contractors, Masters & Servants > General Overview

Business & Corporate Law > ... > Agents Distinguished > Independent Contractors, Masters & Servants > Masters & Servants

Business & Corporate Law > ... > Duties & Liabilities > Authorized Acts of Agents > General Overview

Business & Corporate Law > ... > Duties & Liabilities > Authorized Acts of Agents > Liability of Principals

Business & Corporate Law > ... > Duties & Liabilities > Negligent Acts of Agents > General Overview

Business & Corporate Law > ... > Duties & Liabilities > Negligent Acts of Agents > Liability of Principals

Business & Corporate Law > Agency Relationships > Types > Employees & Employers

Torts > Business Torts > General Overview

Torts > Intentional Torts > General Overview

Torts > Vicarious Liability > Employers > General Overview

Torts > ... > Employers > Activities & Conditions > Intentional Torts

1996 Conn. Super. LEXIS 407, *1

Torts > ... > Employers > Scope of Employment > General Overview

Torts > ... > Employers > Scope of Employment > Application of State Law

**HN4**[⬇] **Unlawful Acts of Agents, Intentional & Willful Injuries**

In Connecticut, under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business. In order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business. But it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply. Unless the employee was actuated at least in part by a purpose to serve a principal, the principal is not liable.

Business & Corporate Law > ... > Duties & Liabilities > Authorized Acts of Agents > General Overview

Torts > Negligence > General Overview

Torts > Vicarious Liability > Employers > General Overview

**HN5**[⬇] **Duties & Liabilities, Authorized Acts of Agents**

Although whether a willful tort was done to further the employer's business is ordinarily a factual question, there are situations where digression from duty is so clear cut that it is a matter of law.

Business & Corporate Law > Agency Relationships > Duties & Liabilities > Indemnity

Torts > ... > Multiple Defendants > Contribution > General Overview

Torts > Vicarious Liability > Employers > Indemnity

**HN6**[⬇] **Duties & Liabilities, Indemnity**

*Conn. Gen. Stat. § 7-465* provides in part: Any town, city

or borough, shall pay on behalf of any employee of such municipality all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages for physical damages to person or property, if the employee, at the time of the occurrence, was acting in the performance of his duties and within the scope of his employment, and if such occurrence was not the result of any wilful or wanton act of such employee in the discharge of his duty.

Business & Corporate Law > Agency Relationships > Duties & Liabilities > Indemnity

Torts > ... > Multiple Defendants > Contribution > General Overview

Education Law > Administration & Operation > Elementary & Secondary School Boards > Authority of School Boards

Governments > Local Governments > Administrative Boards

Torts > Vicarious Liability > Employers > Indemnity

**HN7**[⬇] **Duties & Liabilities, Indemnity**

*Conn. Gen. Stat. § 10-235* provides in part: Each board of education shall protect and save harmless any teacher from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, which acts are not wanton, reckless or malicious, provided such teacher at the time of the acts was acting in the discharge of his or her duties or within the scope of employment.

Business & Corporate Law > Agency Relationships > Agents Distinguished > Special Agents

Education Law > Administration & Operation > Elementary & Secondary School Boards > Authority of School Boards

Governments > Local Governments > Employees & Officials

1996 Conn. Super. LEXIS 407, *1

Governments > Local
Governments > Administrative Boards

*HN8*[⬇] **Agents Distinguished, Special Agents**

In Connecticut, a board of education is an agency of the state in charge of education in a town. Local boards of education are not agents of the state, however, in performing each and every mandated function. Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the Legislature.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

Governments > Local Governments > Claims By & Against

Governments > State & Territorial
Governments > Claims By & Against

Torts > Public Entity
Liability > Immunities > General Overview

*HN9*[⬇] **Defenses, Demurrers & Objections, Motions to Strike**

In Connecticut, a municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. Ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. In applying the doctrine of governmental immunity, courts have stated that the issue of whether an act is ministerial or discretionary is generally a question of fact for the fact-finder that does not lend itself to resolution by a motion to strike.

**Judges:** LAWRENCE L. HAUSER, JUDGE

**Opinion by:** LAWRENCE L. HAUSER

## Opinion

### MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101

The plaintiff, Joe Smith, brings this action on behalf of the minor plaintiff, John Doe, against the defendants, Joseph Edwards, the City of Bridgeport, and the Bridgeport Board of Education. In a nineteen count complaint, the plaintiffs allege that the defendant, Joseph Edwards, was employed as a school teacher by the defendants City of Bridgeport and the Bridgeport Board of Education (hereinafter "defendants"). The plaintiffs allege that on or about September of 1990, Edwards engaged in unconsented sexual relations with the minor plaintiff on various dates from 1990 through 1992. In counts one and two, the plaintiffs assert a cause of action for negligence against the defendants. In counts three and nineteen, the plaintiffs contend that the defendants are liable under a respondeat superior or agency theory. In counts fifteen and sixteen, the plaintiffs allege that Edwards is entitled **[*2]** to indemnification from the defendants. In counts seventeen and eighteen, the plaintiffs allege a cause of action for the negligent supervision of defendant Edwards.

On March 16, 1995, the defendants moved to strike counts one through three and counts fifteen through nineteen of the plaintiffs' complaint. On May 26, 1995, the plaintiff filed a reply memorandum in opposition to the defendants' motion to strike.

*HN1*[⬆] ] A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. *Amore v. Frankel, 228 Conn. 358, 372-73, 636 A.2d 786 (1994).* It "admits all facts well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." (Emphasis in original) *Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).* "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." *Novametrix Medical Systems, Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992).*

### Counts One and Two: Negligence

The defendants move to strike **[*3]** counts one and two,

1996 Conn. Super. LEXIS 407, *3

in which the plaintiffs allege negligence claims, on the ground that the plaintiffs have failed to set forth a legally recognizable cause of action for which relief may be granted.

*HN2*[↑] "For a cause of action in negligence to exist, there must be a duty upon the defendant. . . . The existence of a duty is a question of law. Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty. . . ." (Citation omitted; internal quotation marks omitted.) Goldberg v. Josephthal Lyon & Ross, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 514864 (March 3, 1994, Sheldon, J.) citing *Shore v. Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982)*. Only if a duty exists does the trier of fact then determine whether the defendant violated that duty. *Burns v. Board of Education, 30 Conn. App. 594, 598, 621 A.2d 1350 (1993)*.

*HN3*[↑] Connecticut recognizes the existence of a cause of action for the negligent hiring of an employee. Rutter v. Harris, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 503195 (July 16, 1992, Wagner, J., 7 Conn. L. Rptr. 117). **[*4]** The supreme court has stated, "In *Stiebitz v. Mahoney, 144 Conn. 443, 447, 134 A.2d 71 (1957)*, we recognized the existence of an action against a police chief for negligently hiring an unfit police officer, an action independent of the respondeat superior theory of liability. This common-law tort is not limited to instances of liability of public officials but extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment." *Shore v. Stonington, supra, 187 Conn. 155*.

The plaintiffs allege in count one of their complaint that the defendants were negligent in hiring Edwards because they "knew or should have known that he had been discharged as a teacher with the New Haven Board of Education for failing to have proper teaching certificates and knew or should have known that the defendant, Joseph C. Edwards had a prior criminal record involving crimes of sexual misconduct." (Plaintiffs' Complaint, Count One).

The plaintiffs have sufficiently pleaded a cause of action for the negligent hiring of an employee. Lane v. Hocursak, Superior Court, judicial district of **[*5]** Fairfield at Bridgeport, Docket No. 315466 (March 22, 1995, Maiocco, J.) Thus, viewed in the light most favorable to the pleader, the defendants' motion to strike

is denied as to counts one and two.

Counts 3 and 19: Respondeat Superior

The defendants move to strike counts three and nineteen, in which the plaintiffs allege that the defendants are liable for Edwards actions based on a respondeat superior theory, on the grounds that the plaintiffs have failed to allege that the acts committed by defendant Edwards were within the scope of employment and that such acts were in furtherance of the interests of the defendant board of education.

*HN4*[↑] "Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business." *Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 500, 656 A.2d 1009 (1995)*. "In order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business. . . . But it must be the affairs of the principal, and not solely the **[*6]** affairs of the agent, which are being furthered in order for the doctrine to apply." Id. "Unless the employee was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Citation omitted; internal quotation marks omitted.) *Glucksman v. Walters, 38 Conn. App. 140, 144, 659 A.2d 1217 (1995)*.

In counts three and nineteen, the plaintiffs fail to allege that Edward's acts were in furtherance of the defendants' business. Furthermore, *HN5*[↑] "although whether a willful tort was done to further the employer's business is ordinarily a factual question, there are situations where digression from duty is so clear cut that it is a matter of law." Curry v. Dubish, Superior Court, judicial district of Waterbury, Docket No. 120728 (March 23, 1995, Flynn, J.). Edward's alleged acts of sexual misconduct with the minor plaintiff are clearly outside the scope of his employment. See Martin v. Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278393 (March 18, 1994, Maiocco, J.) (where a teacher engaged in unconsented sexual relations with a student, the court held that plaintiff's respondeat superior claim against the board of education **[*7]** was insufficient since the plaintiffs failed to allege that the defendant's acts were performed in furtherance of his employer's business); Maule v. Sullivan, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No 517623, (August 9, 1993,

Wagner, J., 8 CSCR 952) (holding that where a patient was sexually assaulted by a nurse at a hospital, the alleged actions of the nurse were so clearly outside the scope of his employment and not in furtherance of any interest of the hospital, that the allegations seeking to hold the hospital liable were insufficient as a matter of law). The defendant's motion to strike is granted as to counts three and nineteen since these counts are legally insufficient.

Counts Fifteen and Sixteen: Indemnification

The defendants move to strike counts fifteen and sixteen, in which the plaintiffs allege that Edwards is entitled to indemnification from the defendants under *General Statutes §§ 7-465* and *10-235*, on the ground that there is no duty to indemnify in situations where the employee acted wilfully, wantonly or criminally. The defendants further contend that the duty to indemnify only arises where the plaintiff sustains **[*8]** physical injuries.

*HN6*[⬆] *General Statutes § 7-465* provides in relevant part: "Any town, city or borough, . . . shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages . . . for physical damages to person or property, . . . if the employee, at the time of the occurrence, . . . was acting in the performance of his duties and within the scope of his employment, and if such occurrence . . . was not the result of any wilful or wanton act of such employee in the discharge of his duty."

*HN7*[⬆] *General Statutes § 10-235* provides in pertinent part: "Each board of education shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, . . . which acts are not wanton, reckless or malicious, provided such teacher . . .at the time of the acts . . . was acting in the discharge of his or her duties or within the scope of employment. . . ."

In this **[*9]** litigation, the plaintiffs have failed to allege facts which would show that Edwards' acts were within the scope of his employment or that the minor plaintiff suffered any physical damages. Furthermore, the plaintiffs allege that the minor plaintiff suffered injuries

as a result of Edwards intentional, willful and wanton assault and battery on the minor plaintiff. (Plaintiffs' Complaint, Count Four.) The statutes specifically exclude indemnification for employees who cause damages as a result of any wilful or wanton act. Thus, the defendant's motion to strike counts fifteen and sixteen is granted, as such counts are insufficient at law.

Counts Seventeen and Eighteen: Failure to Supervise

In moving to strike counts seventeen and eighteen, which allege causes of action for negligent supervision, the defendants argue that they are immune from liability pursuant to the doctrines of sovereign and governmental immunity. The defendants further contend that they are immune from liability under the doctrine of in loco parentis.

A. Sovereign Immunity

It has been determined that *HN8*[⬆] "[a] board of education is an agency of the state in charge of education in a town. . . . Local boards **[*10]** of education are not agents of the state, however, in performing each and every mandated function. . . . Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature . . . ." (Citations omitted.) *R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542 (1986)* citing *Cheshire v. McKenney, 182 Conn. 253, 257, 438 A.2d 88 (1980)*.

The supervision of employees is not encompassed within the educational activities of the state. Martin v. Plude, supra, (the court held that the plaintiffs' claims against the Board of Education for negligent supervision of its employee did not pertain to the Board's state-delegated function of providing education.) Thus, the defense of sovereign immunity is inapplicable.

B. Governmental Immunity

*HN9*[⬆] "A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . Ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety **[*11]** of the action." *Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982)*. In applying the doctrine of governmental immunity, courts have stated that "the issue of whether an act is ministerial or

discretionary is generally a question of fact for the fact-finder that does not lend itself to resolution by a motion to strike." <u>O'Farrell v. Claude Chester Elementary School,</u> Superior Court, judicial district of New London at New London, Docket No. 526692, (August 16, 1995, Hendel, J.); <u>Rosen v. Reale,</u> Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley, J., 9 CSCR 176).

The court finds that there is a question of whether the defendants' duty to supervise its employees is discretionary or ministerial in nature. Thus, the defendants may not avail themselves of the defense of governmental immunity in support of their motion to strike.

C. <u>In Loco Parentis</u>

The supreme court has held that a teacher stands in loco parentis toward a pupil as he is a surrogate parent to his pupils. *Sansone v. Bechtel, 180 Conn. 96, 98, 429 A.2d 820 (1980).* "This relationship imposes upon [the teacher] a duty to maintain discipline **[*12]** in the classroom. . . In discharging this duty the teacher is authorized to use reasonable means to compel a disobedient pupil to comply with his orders." Id.

The doctrine of in loco parentis is inapplicable in this case as this court has been unable to find any caselaw that recognizes the board of education standing in loco parentis. Furthermore, this case does not deal with a teacher disciplining a disobedient student.

The defendants are not protected by sovereign or governmental immunity, or the doctrine of loco parentis. Thus, in reading the complaint in the light most favorable to the plaintiffs, the defendants' motion to strike counts seventeen and eighteen are denied.

Accordingly, the defendants' motion to strike is granted as to counts three, fifteen, sixteen, and nineteen, but denied as to counts one, two, seventeen and eighteen.

LAWRENCE L. HAUSER, JUDGE

Frank Bartlett

# EXHIBIT K

D.N.: FBT-CV-20-5043625-S       :    **SUPERIOR COURT**

                                           :

**JANE DOE**                           :    **J.D. OF FAIRFIELD**

                                           :

**v.**                                      :    **AT BRIDGEPORT**

                                           :

**NORWALK BOARD OF EDUCATION, Et Al**    :    **NOVEMBER 4, 2020**

### <u>SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT MOTION TO STRIKE</u>

The Plaintiff has filed a very brief outdated, mistaken and unpersuasive Objection to the Defendants' Motion to Strike (with accompanying Memorandum of Law). The points made will be addressed as follows:

I.      **<u>The Defendants Have Properly Attacked the Deficient Pleading of the Plaintiff By Way of  a Motion to Strike</u>:**

The Plaintiff argues that it is inappropriate to challenge a Complaint on the basis of the Defendants' inherent and statutory governmental immunity using a Motion to Strike. The Plaintiff grounds this argument on an outdated 1996 Superior Court decision. This is not recognized as good law. In making this argument the Plaintiff has completely overlooked the Supreme Court decision in <u>Violano v. Fernandez</u>, 280 Conn. 310 (2006). More recent Superior Court decisions have not committed this oversight.

For example, in the case of <u>Hazelwood v. City of Bridgeport</u>, "this very court" (using the Plaintiff's emphasis) (citing <u>Violano v. Fernandez</u>) decided (in 2013) as follows:

> "The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can

be granted." (Internal quotation marks omitted, Internal citation omitted)
A motion to strike challenges the legal sufficiency of a pleading, and,
consequently, requires no factual findings by the trial court. (Internal citation
and quotation marks omitted.)  In general, 'governmental immunity must be
raised as a special defense in the defendant's pleadings
... Governmental immunity is essentially a defense of confession and
avoidance similar to other defenses required to be affirmatively pleaded
[under Practice Book § 10–50] ...' (Internal quotation marks
omitted.) *Violano v. Fernandez,* 280 Conn. 310, 321, 907 A.2d 1188 (2006).

      "There are instances when it is appropriate for defendants to raise the
defense of governmental immunity in the context of
a motion to strike. Specifically, where it is apparent from the face of the
complaint that the municipality was engaging in a governmental function
while performing the acts and omissions complained of by the plaintiff, the
defendant is not required to plead governmental immunity as a special
defense and may attack the legal sufficiency of the complaint through
a motion to strike." (Internal citation and quotation marks omitted.)",
Hazelwood v. City of Bridgeport, No. CV116021852S, 2013 WL 3970787, at
*1.[1]

    Accordingly, it is entirely appropriate for the municipal Defendants to address the

deficiencies of the Plaintiffs pleadings in this case by way of a Motion to Strike.

## II.    The Plaintiff's Allegations Do Not Set Forth a 'Ministerial Act' With the Requisite Specificity:

    In their previously filed Memorandum of Law the Defendants set forth the set law

as to the specificity with which a Plaintiff must allege that a Defendant committed a

'ministerial act' as prescribed by a firm set of rules, regulations, laws or directives.

---

[1] See also Coe v. Bd. of Educ. of Town of Watertown, 301 Conn. 112 (2011);
Doe v. Bd. of Educ. of City of New Haven, 76 Conn. App. 296, 300 (2003)

Thus, for example the Court, in <u>Hodge v. City of Norwalk</u>, has recently pointed out the following established law:

> "[U]nder controlling law, identification of the ministerial duty is required with some level of specificity, including the specific source of that duty— regulation, statute, formally-adopted policy, etc.
>
> '[O]ur courts consistently have held that to demonstrate the existence of a ministerial duty on the part of a municipality and its agents, a plaintiff ordinarily must point to some statute, city charter provision, ordinance, regulation, rule, policy, or other directive that, by its clear language, compels a municipal employee to act in a prescribed manner, without the exercise of judgment or discretion. (Internal quotation marks and citation, omitted.) *Ventura v. Town of East Haven,* 330 Conn. 613, 631, 199 A.3d 1, 12 (2019)"

<u>See Hodge v. City of Norwalk</u>, No. FSTCV186038254S, 2019 WL 3526432, at *4.

Accordingly, it is clear, established and cannot be contested that in order to get past a municipal defendant's governmental immunity the Plaintiff must set forth in her Complaint a specific rule that mandates the performance of a mandated action that is to be performed in a prescribed manner. Has the Plaintiff met this test in this case? NO!

The Plaintiff argues that she has because, in her Complaint, she alleged that the Defendant Board of Education was required to comply with the provisions of 'Title IX of the Education of Amends of 1972'.

Which provision is the Plaintiff referring to? No one knows. What specific language is to be quoted and followed? We cannot tell.  What section of the Act is being referred to? Your guess is as good as mine. What provision or citation is being asserted? Who knows?

In sum, citing to an entire Chapter in a Federal Title does not set forth with the requisite specificity the particular rule or regulation that the Plaintiff maintains that the Defendant must adhere to in a ministerial fashion. In short, the Plaintiff's Complaint is deficient in this regard.

## III.     The Claims Attempted in the Fourth Count Is Equally Deficient:

As set forth above, in the Third Count the Plaintiff alleges that the Board of Education "is liable for the Plaintiff's injuries pursuant to CGS Sect. 52-557n." The inadequacy of this claim as stated is addressed above. The deficiencies found in the Fourth and Fifth Counts are even more egregious.

In the Fourth Count the Plaintiff alleges that the Defendants Board of Education and Ramos (High School Principal) "are liable for the Plaintiffs injuries pursuant to CGS Sect. 52-557n". No attempt is even made in the Fourth Count to tie the alleged negligence of the Defendants to any sort of mandated ministerial duty to act. At most, the Plaintiff alleges that the Defendants breach some "special duties" allegedly owed to the Plaintiff.

Connecticut General Statutes Section 52-557(a)(2)(B) provides, in part, as follows:

"…a political subdivision of the state shall not be liable for damages to person or property caused by: …(B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

In the Fourth Count the Plaintiff alleges, in Par. 10 thereof, that the Board of Education and the School's Principal are liable to the Plaintiff for having breached the so-called 'special duties' owed to the Plaintiff in that they "failed to act affirmatively and

proactively to investigate and monitor and supervise the defendant (teacher) in order to prevent injury to minors such as the Plaintiff who was especially vulnerable".

" 'When presented with the issues of supervision of students, implementation of school policies and the control and management of a school and its students, Superior Courts have generally held that these ... [duties] are carried out through discretionary acts.' *Negron v. Ramirez,* Superior Court, judicial district of New London, Docket No. CV 09 5013686, 2011 (June 10, 2011, Cosgrove, J.), collecting cases", Schwartz v. Palmer, No. LLICV195011468S, 2019 WL 4514139, at *3.

"In <u>*Doe v. Board of Education,*</u> 76 Conn.App. 296, 300, 819 A.2d 289 (2003), where the plaintiff alleged that the defendant failed to provide a safe and secure educational environment for students, resulting in a sexual assault in a schoolroom, it was not disputed 'that the duty allegedly breached in the present case, namely, the duty of the defendant to supervise students, is a discretionary, governmental duty'", Doe v. Petersen, No. CV020820770S, 2004 WL 3105898, at *4, aff'd, 279 Conn. 607 (2006)

Similarly, a municipal official is entitled to governmental immunity in the performance of governmental acts, see, e.g. Borelli v. Renaldi, (Supreme Court, June 24, 2020) No. 20232, 2020 WL 3467487, at *4 ("Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. The hallmark of a discretionary act is

that it requires the exercise of judgment. In contrast, [a ministerial act] refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion").

It is clear, therefore, that if the allegations set forth in the Third Count are deficient, those made in the Fourth Count are even more so.

## IV.   **The Plaintiff Fails to State a Claim in Her Fifth Count**:

That brings us to the Fifth Count. In this Count, the Plaintiff alleges that the teacher was 'acting in the course of (her) employment'. Thereafter she concludes that the Board of Education is liable for the Plaintiff's injuries (presumably on a theory of 'Respondeat Superior')[2]. The Plaintiff also alleges that the Principal was acting in furtherance of the interests of the Board of Education.

We will address the claims based on the acts (sexual assault) of the teacher first— it does not seem that much argument needs to be made that the sexual assault of a student by a teacher is not in furtherance of the business of the Board of Education. However, since the Plaintiff has made this allegation, it must be addressed.

The Court's attention is called to the case of Doe v. Villa Marie Education Center, where, in dismissing a claim based on the theory of 'Respondeat superior' against the educational institution for the sexual assault of a student by a teacher the Court held as follows:

---

[2] In her Memorandum of Law the Plaintiff describes this Count as setting forth a claim based on 'Respondeat Superior'.

"The court recognizes that "[o]rdinarily it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business." *A–G Foods, Inc. v. Pepperidge Farm, Inc., supra*, at 207. However, the present case is one of the "occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." (Citation omitted; internal quotation marks omitted.) *Id.*; see also, *Doe v. Hartford Roman Catholic Diocesan Corp.*, Superior Court, judicial district of Hartford, No. HHDCV115035749S (Jan. 7, 2014, Peck, J., 58 Conn. L. Rptr. 132. "[R]espondeat superior is not applicable to hold a church or diocese liable, because such acts by the priests are not in furtherance of the church's business." *Doe v. Hartford Roman Catholic Diocesan Corp., supra*, No. HHDCV115035749S (Jan. 7, 2014, Peck, J.).

"Count One states in conclusory fashion that the sexual abuse of the plaintiff occurred while Sister Domitian was acting in the course and scope of her duties [as a nun and teacher] as an agent, servant and/or employee of the defendants Villa Marie, Bernadine Sisters OSF and Bernadine Franciscan Sisters in supervising and chaperoning minors and concludes these acts were in the scope of her employment for these defendants.3 Count One, based on the theory of respondeat superior, fails as a matter of law. The motion to strike Count One is granted".

Similarly, it cannot be said in this case that the alleged sexual assault by the teacher was in the course of and in furtherance of her duties as a teacher. Therefore, the claim of 'Respondeat Superior' to the extent that it is based on the alleged criminal acts of the teacher must be stricken.

Next, we address the claim of the Plaintiff against the Board of Education based on the alleged negligence of the Principal. As set forth above, the contours of such liability are set forth in CGS Section 52-557n. Pursuant to 52-557n (a)(1) a political subdivision of the State may be held liable for the negligent acts or omissions of one of its employees

committed within the scope of their employment or official duties. It is just such an allegation that is being made in the Fifth Count against the Board of Education.

On the other hand, as argued above, subsection (a)(2)(B) further provides that the municipal entity may not be held liable for the "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law".

The Plaintiff may not avoid the exculpatory provisions of CGS Section 52-557n (a)(2)(B) in this manner.

## V.   **The Plaintiff Has Not Sufficiently Pled an Exception to Governmental Immunity**:

In her Memorandum of Law the Plaintiff states that there are three exceptions to discretionary act immunity. One of these is when "the circumstances make it apparent to the public officer that his or her failure to act or action would be likely to subject an identifiable person to imminent harm" (Plaintiff's Memorandum at p.3 citing Doe v. Petersen). That statement is true.

Then the Plaintiff alleges that she "has alleged that she falls within a recognized exception to the governmental immunity cited by the Norwalk Defendants", (Plaintiff's Memorandum at p.3). In her Motion, she alleges that she "has properly plead that she was an identifiable victim subject to imminent harm".

Both of these assertions are false. In fact, in Paragraph 11 of the Third Count of her Complaint she alleges (only) that she "was in an identifiable class of foreseeable victims of the Defendant (teacher)". There is no claim that, as such an identifiable potential victim, she was subject to 'imminent harm'[3].

## VI.    The Provisions of CGS Section 10-235 Do Not Create a Direct Cause of Action:

It has been firmly established "by this very court" that "an injured plaintiff cannot directly allege a cause of action against a board of education pursuant to § 10–235", Doe v. Stamford Bd. of Educ., (Judicial District of Fairfield) (Kamp,J.) No. CV135030060, 2014 WL 5659381, at *4

## VII:    Conclusion:

For the reasons as set forth above and as previously stated and argued, the Defendants' Motion to Strike, as amended, must be granted.

---

[3] Should the Plaintiff file a claim that alleges that she was subject to 'imminent harm' under these circumstances, the Defendants will at that point surely challenge such an allegation (the 'imminent harm prong of the exception requires that the Plaintiff plead and prove that the dangerous condition was so likely to cause harm that a clear and unequivocal duty to act immediately was created', see Martinez v. City of New Haven, 328 Conn. 1, 11 (2018)

THE DEFENDANTS,
NORWALK BOARD OF EDUCATION
JOHN J. RAMOS

By:         /s/ 301885
M. Jeffry Spahr
Deputy Corporation Counsel
City of Norwalk
125 East Avenue, PO Box 5125
Norwalk, CT  06856-5125
Juris No.: 100860
Tel.: (203) 854-7750
Email: jspahr@norwalkct.org

## **CERTIFICATION**

This is to certify that, in accordance with the Practice Book, as amended, a copy of the foregoing was mailed, postage prepaid, and/or electronically delivered on the above date to all counsel and pro se parties of record, as follows:

Frank Bartlett, Esq.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
Tel.: (203) 439-7717
Email:  frank@bartlettlegalgroup.com

Neal Patrick Rogan, Esq.
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT  06880
Tel.:  (203) 341-8783
Email:  neal@nealrogan.com

Christopher  J. Sugar, Esq.
Norwalk Board of Education
125 East Avenue
Norwalk, CT  06852
Email:  sugarc@norwalkps.org

          /s/ 301885
M. Jeffry Spahr

EXHIBIT L

| D.N.: FBT-CV-20-5043625-S | : | SUPERIOR COURT |
| | : | |
| JANE DOE | : | J.D. OF FAIRFIELD |
| | : | |
| v. | : | AT BRIDGEPORT |
| | : | |
| NORWALK BOARD OF EDUCATION, Et Al | : | NOVEMBER 4, 2020 |

## <u>AMENDED MOTION TO STRIKE</u>

The Defendants, Board of Education and Principal Ramos, hereby adopt and re-allege in their entirety the reasons as set forth in the previously filed Motion to Strike for the granting of such Motion. In addition, the Defendants supplement such Motion by adding the following assertions:

E. As to the Fifth Count (v. Board of Education) – the Defendants move to strike that claim of 'Respondeat Superior' to the extent that it sets forth a claim based on the actions of the teacher as being outside the scope of her employment and not in the interests of nor in furtherance of the business of said Defendant. In addition, the protections of governmental immunity supersede the stated cause of action;

F. As to the Sixth Count (v. Board of Education) – it is established law that Section 10-235 does not create an independent cause of action.

The reasons for said Motion to Strike and Amended Motion to Strike are more particularly set forth in the original Memorandum of Law and in the currently filed Supplemental Memorandum of Law.

{00079903.DOCX 1}

THE DEFENDANTS,
NORWALK BOARD OF EDUCATION
JOHN J. RAMOS


By: _____/s/ 301885_____
M. Jeffry Spahr
Deputy Corporation Counsel
City of Norwalk
125 East Avenue, PO Box 5125
Norwalk, CT  06856-5125
Juris No.: 100860
Tel.: (203) 854-7750
Email: jspahr@norwalkct.org


## **CERTIFICATION**


     This is to certify that, in accordance with the Practice Book, as amended, a copy of the foregoing was mailed, postage prepaid, and/or electronically delivered on the above date to all counsel and pro se parties of record, as follows:


Frank Bartlett, Esq.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT  06410
Tel.:  (203) 439-7717
Email:  frank@bartlettlegalgroup.com

Neal Patrick Rogan, Esq.
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT  06880
Tel.:  (203) 341-8783
Email:  neal@nealrogan.com


Christopher  J. Sugar, Esq.
Norwalk Board of Education
125 East Avenue
Norwalk, CT  06852
Email:  sugarc@norwalkps.org


_____/s/ 301885_____
M. Jeffry Spahr

EXHIBIT M

DOCKET NO.:  FBT-CV-20-5043625-S          :     **SUPERIOR COURT**
                                                                       :
**JANE DOE**                                                   :     **JUDICIAL DISTRICT OF**
                                                                       :     **FAIRFIELD**
**vs.**                                                            :
                                                                       :     **AT BRIDGEPORT**
**NORWALK BOARD OF EDUCATION Et AL**     :
                                                                       :     **JANUARY 22, 2021**


## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
(Redacted)

I.      Procedural History:

        This matter exists by way of a Complaint dated August 24, 2020 and filed with this

Court on August 26, 2020. The Complaint is brought in six (6) counts and names Lise

Krieger (former teacher at Norwalk High School), John Ramos (former Principal at NHS)

and the Norwalk Board of Education (hereinafter the "Board") as defendants.

        The First and Second Counts are aimed at the teacher, Krieger. In the Third Count

a claim is made against the Board pursuant to CGS Section 52-557n (holding the Board

accountable for its failures and  the negligence of Ramos in failing to properly investigate,

warn and train the staff).

        The Fourth Count appears mainly repetitious of the Third Count. It is alleged that

the Board and Ramos or liable pursuant to CGS Sect. 52-557n for having failed 'to act

affirmatively and proactively to investigate and monitor and supervise the defendant

Krieger in order to prevent injury to minors such as the Plaintiff who was especially

vulnerable'.

The Fifth Count appears to be an attempt to set forth a claim of 'Respondeat Superior' against the Board for the wrongs committed by the teacher. In the Sixth Count the Plaintiff is attempting to set forth a claim pursuant to CGS Sect. 10-235 (a claim that is not recognized, see prior Memorandum of Law).

The municipal defendants have filed a Motion to Strike (No. 115.00) arguing, inter alia, that they are entitled to the shield of governmental immunity both per statute (CGS Sect. 52-557n) and Common Law. The Plaintiff has filed an Objection to Motion to Strike (No. 116.00). In the accompanying Memorandum of Law the Plaintiff attempts to assert an exception to the Defendants' governmental immunity claiming that she has alleged that she was an identifiable victim who was subject to imminent danger.

In response the municipal Defendants filed a Supplemental Memorandum of Law (No. 117.00)[1] arguing, in part, that the Plaintiff has failed to set forth an adequate exception to their governmental immunity. That is, while the Plaintiff alleges in her Complaint that she was an identifiable victim[2], she completely fails to even assert that she was exposed to "imminent harm" by the acts of the Defendants. She also fails to plead facts that would support a claim that she was in danger of imminent harm (and that this threat was known to the Defendants).

---

[1] The Defendants also filed an Amended Motion to Strike (No. 118.00) adding reference to additional arguments raised in the Supplemental Memorandum of Law as required pursuant to Practice Book Section 10-39(b).
[2] This is asserted by the Plaintiff in Par. 11 of the Third Count of her Complaint. It is not reasserted in the Fourth or Fifth Count, though it is incorporated into the Sixth Count.

This point was raised by the Defendants in their Supplemental Memorandum of Law (No. 117.00, see section 'V' therein). The Plaintiff has yet to correct this.

On the chance that the Plaintiff may, at the last second as the hearing on the Motion to Strike approaches, seek to argue the merits of his claimed (and deficient) exception, the Defendants will herein provide legal argument against such a claim (to be expanded upon should the Plaintiff attempt to engage on the merits).

II.   Law and Argument

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted." *Kramer-Gidley v. MAB Rink Mgmt., LLC*, No. CV166066430S, 2018 WL 4054339, at *1. Here the Plaintiff has failed to plead specific elements of her intended causes of action.

A.   The Plaintiff Has Failed to Sufficiently Plead That the Harm was "Imminent"

In very limited circumstances the Courts have found an exception to the municipal defendant's inherent governmental immunity. For example, if there was imminent harm, from a known source, to an identifiable victim, there may be liability. However, this exception "has received very limited recognition in this state", *Doe v. Bd. of Educ. of City of New Haven*, 76 Conn. App. 296, 302 (2003).

"This court has recognized an exception to discretionary act immunity that allows for liability when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. This

identifiable person-imminent harm exception has three requirements: (1) an imminent

harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or

her conduct is likely to subject that victim to that harm.... All three must be proven in order

for the exception to apply. (Citations omitted; footnote omitted; internal quotation marks

omitted.) . The ultimate determination of whether governmental immunity applies is

ordinarily a question of law for the court unless there are unresolved factual issues

properly left to the jury." (Internal quotation marks and citation omitted)", *Martinez v. City*

*of New Haven,* 328 Conn. 1, 8 (2018).

In the present case the Plaintiff has alleged that she was an 'identifiable victim'.

The courts have recognized a 'class of identifiable victims' in the context of school

students, see *Burns* v. *Board of Education*, 228 Conn. 640, 649, 638 A.2d 1 (1994),

overruled on other grounds by *Haynes* v. *Middletown*, 314 Conn. 303 (2014). Therefore,

at least as far as pleading a necessary element of an exception to governmental

immunity, the Plaintiff has met the first prong of being an 'identifiable victim'.

However, she has not even alleged (as set forth above and previously) that she

was subject to "imminent harm". Further, even if she were to make this blanket assertion,

it is clear that the facts, as pleaded, do not support such a contention.

The 'imminent harm' standard was recently discussed in the case of *Martinez v.*

*City of New Haven*, 328 Conn. 1, 9-10 (2018):

"Recently, in *Haynes* v. *Middletown*, supra, 314 Conn. at 322–23, 101
A.3d 249, we clarified the imminent harm prong of the exception, holding
that 'the proper standard for determining whether a harm was imminent is

whether it was apparent to the municipal defendant that the dangerous condition was **so likely to cause harm that the defendant had a clear and unequivocal duty to act immediately to prevent the harm** (emphasis added)".

In the present case not only does the Plaintiff fail to allege that she was exposed to 'imminent harm', she also fails to set forth any facts that could reasonably lead one to that conclusion. For example, she makes such allegations as the claim that the Defendants were negligent in that they 'failed to use reasonable care to properly monitor and supervise the activities' of the teacher; failed to warn the Plaintiff of the dangerous condition that existed on the property (namely, that the teacher had 'unchaperoned access to minor students'); failed to recognize that a member of its faculty had 'an unnatural interest in young girls', etc.

As far as the concept of "imminent danger" is concerned, the most we are informed is that this contact occurred "during the late 1980's". Certainly a half-decade spread of years cannot be considered to have created an 'imminent' danger.

Accordingly, there is nothing in the pleadings set forth by the Plaintiff that would allow one to conclude that there was so "real and present a danger", that there was such a "clear and unequivocal duty act", and thus such a "threat of harm" that could be said to be "imminent", that an exception to the Defendants' immunity would apply.

B. <u>The Plaintiff has Failed to Plead That the Alleged Imminent Danger Was Known</u>

Furthermore, a Plaintiff must plead that the 'imminent danger' was apparent to a

public official who would know that his conduct would likely subject that victim to harm, *Edgerton v. Town of Clinton*, 311 Conn. 217, 230 (2014). In this case there is no specific allegation that a complaint of any misconduct on the part of the teacher was specifically brought to the attention of Principal Ramos or that he was aware of it.[3]

Having failed to plead this necessary element of the claim, these counts must be stricken.

C. The Board of Education Cannot Be Held Liable for The Sexual Assault
    Allegedly Committed By Krieger

In Count Five the Plaintiff attempts to hold the Board of Education liable for the alleged sexual assault committed by Defendant Krieger. In said Fifth Count the Plaintiff adopts that allegations set forth originally in Paragraphs 1-10 of the First Count.[4] In Paragraph 10 of the First Count the Plaintiff specifically alleges that the teacher committed a "sexual assault" upon her. Thereafter, the Plaintiff alleges that the Board of Education is liable to her pursuant to CGS Sec. 52-557n.

However, CGS Section 52-557n (b) (2) provides, in part, as follows:

"Except as otherwise provided by law, **a political subdivision of the state shall not be liable for damages to person or property caused by**: (A) **Acts or omissions of any employee**, officer or agent **which constitute criminal conduct**, fraud, actual malice **or wilful misconduct** (emphasis added)".

---

[3] In response to discovery, the Plaintiff has admitted that the complaint referred to in the Complaint was made during the summer of 1989 to Superintendent Sloan and then-Principal Dunlap. NOT RAMOS (see Exhibit A attached hereto).
[4] It is noteworthy that the Plaintiff did not include any of the allegations of specific negligence directed at Ramos as set forth in either the Third or Fourth Counts.

"There is persuasive authority indicating that when a complaint alleges a claim for sexual assault upon a minor, it will be inferred that the perpetrator intentionally committed the assault because society deems that the perpetrator will always be substantially certain that an injury will occur. (Internal quotation marks omitted.) *Perron v. Robert,* Superior Court, judicial district of Tolland, Docket No. CV–00–0073800–S (November 1, 2002, Scholl, J.), aff'd, 81 Conn.App. 903, 841 A.2d 290 (2004), quoting *Patrons Mutual Insurance Co. v. Maguire,* Superior Court, judicial district of New Haven, Docket No. CV–95–0374329–S (March 26, 1997, McMahon, J.) (19 Conn. L. Rptr. 133). Notwithstanding how a claim is labeled, several decisions have determined that governmental immunity bars complaints concerning the sexual abuse of a minor because such plaintiffs allege conduct that is criminal and intentional conduct, rather than negligent. See, e.g., *Doe v. Board of Education, supra*, Superior Court, Docket No. CV–08–5015710–S; *Logan v. Adams,* Superior Court, judicial district of New Haven, Docket No. CV–03–0477815–S (August 24, 2005, Devlin, J.); see also *Anonymous v. Meriden,* United States District Court, Docket No. 3:10cv37 (MPS) (D.Conn. May 22, 2013)", Doe v. Sulzicki, No. CV165031712S, 2018 WL 2292898, at *7, aff'd, 193 Conn. App. 903 (2019).

Accordingly, the claims made against the Board of Education based on Krieger's conduct pursuant to CGS Sec. 52-557n as set forth in the Fifth Count must be stricken. Similarly, the claims made based on Ramos' conduct (what little is alleged) must also be stricken in that the Plaintiff has failed to make any claim of underlying negligence against

Ramos in the Fifth Count (adopting only Paragraphs 1-10 from the First Count and none of the negligence allegations from either Count Three or Four)[5]

III.   Conclusion:

It is clear that the Plaintiff has failed to properly allege an exception to the governmental immunity that protects the municipal defendants. In addition, even if the Plaintiff makes the appropriate recital of the components of this exception, it is clear that she has failed to allege facts that would support such a contention.

In addition, the Board may not be held liable for the intentional acts of the Defendant Krieger. Accordingly, the Defendants' Motion to Strike must be granted.


THE DEFENDANTS,
NORWALK BOARD OF EDUCATION
JOHN J. RAMOS

By:

M. Jeffry Spahr
Deputy Corporation Counsel
City of Norwalk
125 East Avenue, Room 237
Norwalk, CT  06851
Tel: 203-854-7750
Fax: 203-854-7901
Juris # 100860

---

[5] Contrast with Doe v. Town of Trumbull, No. CV195039311S, 2019 WL 7567216, at *1 where underlying claims of negligence were made against a supervisor for failing to intervene as to intentional acts of an employee.

**CERTIFICATION**

I certify that a copy of the above was or will immediately be mailed or delivered
electronically or non-electronically to all counsel and self-represented parties of record:

Frank Bartlett, Esq.                Neal Patrick Rogan, Esq.
Bartlett Legal Group, LLC       Law Offices of Neal Rogan, LLC
36 Wallingford Road              315 Post Road West
Cheshire, CT  06410              Westport, CT  06880
Tel.:  (203) 439-7717             Tel.: (203) 341-8783
Email:  frank@bartlettlegalgroup.com  Email: neal@nealrogan.com

_____
M. Jeffry Spahr

# Exhibit "A"

c. The date on which each such written statement was made.

**Response: See attached text message exchanges between** ▓▓▓▓ **and Lise as well as letters and postcards from Lise.**

6.  In your Complaint it is alleged that a complaint was brought to the Principal and the Board of Education. Regarding this allegation, state the following:

   a.  The date on which such complaint was brought and the identity of the person(s) making such complaint;

   b.  Whether such complaint was made orally and/or in writing (if the latter, provide a copy thereof);

   c.  The name of the person(s) to whom such complaints were made;

   d.  The names and addresses of any and all witnesses to the submission of said complaints;

   e.  What response was received by the Plaintiff or the Plaintiff's family as the result of the filing of such complaint.

   **Response:**
   a.  ▓▓▓▓▓▓▓▓ **filed a formal complaint with the Norwalk Board of Education in approximately June-August of 1989.**
   b.  **Unknown**
   c.  **Ralph E. Sloan and Mr. Dunlap**
   d.  **Norwalk Board of Education**
   e.  **There was a hearing and Lise was reprimanded but remained in her teacher capacity. There was a stipulation for Lise not to have contact with me and to refrain from any similar incidents. It is my understanding that this reprimand would remain on her employment file for a period of three years.**

7.  In your Complaint you allege that "(d)uring the late 1980's.. the defendant Krieger again initiated an inappropriate relationship with the plaintiff, which quickly became sexual" (these acts to hereinafter be referred to as "the subsequent incidents"). As to each of these, please state the following:

Items in "All Downloads"  ⌃

EXHIBIT N

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · FAX: (203) 439-7730 · JURIS NO. 433299

RETURN DATE:  SEPTEMBER 22, 2020    : SUPERIOR COURT

JANE DOE    : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;    : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS    : AUGUST 24, 2020

## EX PARTE APPLICATION FOR PERMISSION TO PROSECUTE SUIT IN FICTITIOUS NAME

Pursuant to Connecticut Practice Book Section 11-20A(h)(2) and (3), the Plaintiff in the above captioned matter respectfully applies to this Court *Ex Parte* for permission to prosecute the action in the pseudonym of JANE DOE, which name the plaintiff seeks to assume for purposes of privacy and anonymity.

Practice Book Section 11-20A(h)(2) empowers the Court to authorize the use of pseudonyms where the public's interest in knowing the identity of parties to a civil action is overridden by the necessity of preserving the identity and/or interests of a party to the matter.

In this case, the plaintiff, JANE DOE is a resident of Norwalk, Connecticut who was sexually exploited as a minor student by her freshman English teacher at Norwalk High School.   The alleged abuse occurred between 1989 and 1992 while the plaintiff was a student at Norwalk High School and continued thereafter.

The plaintiff claims that, as a result of the alleged inappropriate contact and sexual

BB

101

abuse, she has suffered serious psychological and emotional injuries that may be permanent in nature.

The Court in *Doe v. Diocese Corporation* 43 Conn. Supp. 152, (1994), addressed similar issues. That case involved a person who was abused as a minor by a priest in the Bridgeport Roman Catholic Diocese. In that case, Judge Corradino recognized the right of the plaintiff to bring a case anonymously where a substantial privacy interest was involved. Judge Corradino held that where a person has been sexually abused, it is obvious that the plaintiff's privacy interest in greatly enhanced. Id. at 160.

The nature of the issues presented in this case involves details that are intimate and embarrassing to the plaintiff. The plaintiff is concerned about the stigma that this incident, if she were identified, would cause her and her family. Particularly due to the plaintiff's ongoing professional and social relationships within the greater Fairfield County area, there is significant risk that the plaintiff and her family would suffer financial, emotional and psychological harm, beyond that occasioned by the abuse, by the public identification of the plaintiff as an adult victim of childhood sexual abuse. Furthermore, as is set forth more fully in the affidavit filed under seal, the plaintiff has significant concerns that her public identification as the adult victim of childhood sexual abuse would have a substantial negative impact on her wife's career. By preserving the plaintiff's anonymity through the

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



use of a fictitious name, the plaintiff's privacy interest will be protected. As a victim of

sexual assault, the plaintiff is further entitled to protection from the disclosure of his identity

pursuant to Conn. Gen. Stat. §§54-86d and 54-86e

WHEREFORE, as the plaintiff's privacy interests will be protected through the use

of the fictitious name JANE DOE and the plaintiff's privacy interest greatly exceeds the

public's interest in knowing the identity of the parties to this civil action, the plaintiff

respectfully requests that this Court grant the plaintiff's Ex-Parte Application for Permission

to Prosecute Suit in Fictitious Name.

THE PLAINTIFF,
JANE DOE


BY_____/423808/_____
        Frank C. Bartlett, Jr.
        Bartlett Legal Group, LLC
        36 Wallingford Road
        Cheshire, CT 06410
        Firm Juris: 433299
        Tel: (203) 439-7717
        Fax: (203) 439-7730

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



RETURN DATE:  SEPTEMBER 22, 2020          : SUPERIOR COURT

JANE DOE                                  : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;               : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS               : AUGUST 24, 2020

## ORDER

The foregoing application, having been heard by the Court, it is hereby Ordered:

### GRANTED / DENIED

It is further ordered that the Court finds the plaintiff's interest in protecting her identity compelling and significant in light of the allegations of sexual assault and a pseudonym is necessary to accomplish the same.  Such interest outweighs the public's interest in knowing the plaintiff's name and no lesser alternative will suffice.  This Order shall remain in effect until a hearing on _____ at _____, at 1061 Main Street, Bridgeport, Connecticut, at which time this question will be considered anew.

It is further ordered that the plaintiff's identity shall be disclosed to defense counsel.

BY:_____
                    Judge / Clerk

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



EXHIBIT O

ORDER   438581

DOCKET NO: FBTCV205043625S

DOE,JANE
   V.
NORWALK BOARD OF EDUCATION Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
   AT BRIDGEPORT

8/26/2020

ORDER

ORDER REGARDING:
08/26/2020 101.00 EX PARTE APPLICATION FOR PERMISSION TO USE PSEUDONYM(S)

The foregoing, having been considered by the Court, is hereby:

ORDER:

Having considered the temporary ex parte application to use a pseudonym and reasonable alternatives to the use of a pseudonym, the court hereby finds that the plaintiff's interest in protecting her identity compelling and significant in light of the allegations of sexual abuse and sexual assault which the plaintiff claims occurred when she was a minor and that a pseudonym is necessary to protect the plaintiff's interest, that such interest outweighs the public's interest in knowing her name and that no lesser alternative will suffice. It appearing to the court that the foregoing application should be granted, pending a hearing on the continued use of a pseudonym, it is hereby

ORDERED that the designation of Jane Doe be substituted for the name of the plaintiff in the caption of the case and that the parties use the pseudonym in all documents filed with the court;

ORDERED that the plaintiff be allowed to lodge, pursuant to Practice Book § 7-4B, an original affidavit in her true name with the court prior to service and that said affidavit be sealed to all persons except necessary court personnel and parties and the attorneys of record for the plaintiff and defendants.

Judicial Notice (JDNO) was sent regarding this order.

438581

Judge: THOMAS JAMES WELCH

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

EXHIBIT P

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · FAX: (203) 439-7730 · JURIS NO. 433299

RETURN DATE:  SEPTEMBER 22, 2020          : SUPERIOR COURT

JANE DOE                                                  : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;              : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS               : AUGUST 24, 2020

### <u>EX-PARTE MOTION TO SEAL AFFIDAVIT</u>

The Plaintiff, by and through the undersigned counsel, moves this Court for an Order

sealing the Plaintiffs' Affidavit filed in support of his Motion to File a Civil Suit under a

pseudonym pursuant to Connecticut Practice Book Section 11-20A(h)(2).  Sealing is

requested to protect the privacy of the Plaintiff as his Affidavit contains personal and

sensitive information that should be kept confidential.

The Plaintiff claims that she was sexually exploited as a minor student by her freshman

English teacher at Norwalk High School.   The alleged abuse occurred between 1989 and

1992 while the plaintiff was a student at Norwalk High School and continued thereafter.

The plaintiff claims that, as a result of the alleged inappropriate contact and sexual abuse,

she has suffered serious psychological and emotional injuries that may be permanent in

nature. The Plaintiff requests the Court to grant this Motion to allow the Plaintiff to

commence the litigation without disclosing her identity.  If the Affidavit is not sealed the

identity of the Plaintiff will be exposed and the privacy protection afforded by filing under a



102

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

pseudonym will be to no avail.   The Plaintiff has simultaneously filed a Motion to Seal pursuant to Section 11-20A with a hearing to be conducted after the Return Date.

The Affidavit contains details that are intimate and embarrassing to the plaintiff. The plaintiff is concerned about the stigma that this incident, if she were identified, would cause her and her family. By preserving the plaintiffs' identity by sealing the affidavit and allowing the plaintiff anonymity through the use of a fictitious name, the plaintiff's privacy interest will be protected

WHEREFORE, as the plaintiff's privacy interests will be protected through the sealing of the Affidavit and the plaintiff's privacy interest greatly exceeds the public's interest in knowing the identity of the parties to this civil action, the plaintiff respectfully requests that this Court grant the plaintiff's Motion to Seal the Affidavit.

<div style="margin-left: 3em;">

THE PLAINTIFF,
JANE DOE


BY_____/423808/_____
Frank C. Bartlett, Jr.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT 06410
Firm Juris: 433299
Tel: (203) 439-7717
Fax: (203) 439-7730

</div>



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

## ORDER

The foregoing Motion, having been heard by the Court, it is hereby Ordered:

### GRANTED / DENIED

It is further ordered that the Court finds the plaintiff's interest in protecting her identity compelling and significant in light of the allegations of sexual exploitation and the sealing of the plaintiff's affidavit is necessary to accomplish the same. Such interest outweighs the public's interest in knowing the plaintiff's name and the additional personal information contained within the affidavit, and no lesser alternative will suffice. This Order shall remain in effect until a hearing on _____ at _____, at 1061 Main Street, Bridgeport, Connecticut, at which time this question will be considered anew.

It is further ordered that the plaintiff's affidavit filed under seal shall be disclosed to defense counsel.

BY: _____

Judge / Clerk



EXHIBIT Q

ORDER   438581

DOCKET NO: FBTCV205043625S

DOE,JANE
   V.
NORWALK BOARD OF EDUCATION Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
   AT BRIDGEPORT

8/26/2020

ORDER

ORDER REGARDING:
08/26/2020 102.10 MOTION TO SEAL DOCUMENT

The foregoing, having been considered by the Court, is hereby:

ORDER:

See Order #101.10.

Judicial Notice (JDNO) was sent regarding this order.

438581

Judge: THOMAS JAMES WELCH

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

EXHIBIT R

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · FAX: (203) 439-7730 · JURIS NO. 433299

RETURN DATE:  SEPTEMBER 22, 2020       : SUPERIOR COURT

JANE DOE                                    : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;      : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS        : AUGUST 24, 2020

## <u>MOTION FOR CONTINUED USE OF  FICTITIOUS NAME</u>

        Pursuant to Connecticut Practice Book Section 11-20A(h)(2) and (3), the Plaintiff in the above captioned matter respectfully moves the Court for permission to prosecute the action in the pseudonym of JANE DOE, which name the plaintiff seeks to assume for purposes of privacy and anonymity.

        Practice Book Section 11-20A(h)(2) empowers the Court to authorize the use of pseudonyms where the public's interest in knowing the identity of parties to a civil action is overridden by the necessity of preserving the identity and/or interests of a party to the matter.

        In this case, the plaintiff, JANE DOE is a resident of Norwalk, Connecticut who was sexually exploited as a minor student by her freshman English teacher at Norwalk High School.   The alleged abuse occurred between 1989 and 1992 while the plaintiff was a student at Norwalk High School and continued thereafter.

        The plaintiff claims that, as a result of the alleged inappropriate contact and sexual



103

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

abuse, she has suffered serious psychological and emotional injuries that may be permanent in nature.

The Court in *Doe v. Diocese Corporation* 43 Conn. Supp. 152, (1994), addressed similar issues.  That case involved a person who was abused as a minor by a priest in the Bridgeport Roman Catholic Diocese. In that case, Judge Corradino recognized the right of the plaintiff to bring a case anonymously where a substantial privacy interest was involved. Judge Corradino held that where a person has been sexually abused, it is obvious that the plaintiff's privacy interest in greatly enhanced. Id. at 160.

The nature of the issues presented in this case involves details that are intimate and embarrassing to the plaintiff. The plaintiff is concerned about the stigma that this incident, if she were identified, would cause her and her family. Particularly due to the plaintiff's ongoing professional and social relationships within the greater Fairfield County area, there is significant risk that the plaintiff and her family would suffer financial, emotional and psychological harm, beyond that occasioned by the abuse, by the public identification of the plaintiff as an adult victim of childhood sexual abuse.  Furthermore, as is set forth more fully in the affidavit filed under seal, the plaintiff has significant concerns that her public identification as the adult victim of childhood sexual abuse would have a substantial negative impact on her wife's career.  By preserving the plaintiff's anonymity through the



BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

use of a fictitious name, the plaintiff's privacy interest will be protected. As a victim of

sexual assault, the plaintiff is further entitled to protection from the disclosure of his identity

pursuant to Conn. Gen. Stat. §§54-86d and 54-86e

WHEREFORE, as the plaintiff's privacy interests will be protected through the use

of the fictitious name JANE DOE and the plaintiff's privacy interest greatly exceeds the

public's interest in knowing the identity of the parties to this civil action, the plaintiff

respectfully requests that this Court grant the plaintiff's Motion for Continued Use of

Fictitious Name.

THE PLAINTIFF,
JANE DOE


BY_____/423808/_____

Frank C. Bartlett, Jr.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT 06410
Firm Juris: 433299
Tel: (203) 439-7717
Fax: (203) 439-7730



RETURN DATE:  SEPTEMBER 22, 2020 : SUPERIOR COURT

JANE DOE : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION; : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS : AUGUST 24, 2020

## ORDER

The foregoing motion, having been heard by the Court, it is hereby Ordered:

### GRANTED / DENIED

It is further ordered that the Court finds the plaintiff's interest in protecting her identity compelling and significant in light of the allegations of sexual assault and a pseudonym is necessary to accomplish the same.  Such interest outweighs the public's interest in knowing the plaintiff's name and no lesser alternative will suffice.  This Order shall remain in effect throughout the pendency of this litigation.

BY:_____

Judge / Clerk

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



EXHIBIT S

ORDER   410631

DOCKET NO: FBTCV205043625S

DOE,JANE
   V.
NORWALK BOARD OF EDUCATION Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
   AT BRIDGEPORT

10/19/2020

ORDER

ORDER REGARDING:
08/26/2020 103.00 MOTION FOR PERMISSION TO USE PSEUDONYM(S)

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

MEMORANDUM OF RULING GRANTING MOTION FOR USE OF PSEUDONYM AND MOTION
TO SEAL

Pursuant to Practice Book §11-20A (h)(1), the plaintiff's motion to use a pseudonym and the motion to
seal the supporting affidavit are granted, with the court making the following findings: that this order is
necessary for the protection of the mental and emotional interests of the plaintiff because the complaint
involves alleged traumatic events occurring when the plaintiff was a minor child; that these interests
override any public interest in knowing the plaintiff's name; that there are no reasonable alternatives to
this order; and that the breadth of this order is necessary to protect the plaintiff's overriding interests.


This order shall continue unless and until the plaintiff files a sworn affidavit attesting that the
pseudonym shall no longer be used or further court order.

PRESIDING JUDGE, CIVIL

Judicial Notice (JDNO) was sent regarding this order.

410631
_____

Judge: BARRY STEVENS

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

EXHIBIT T

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · (203) 439-7730 · FAX: (203) 439-7730 · JURIS NO. 433299

RETURN DATE:  SEPTEMBER 22, 2020      : SUPERIOR COURT

JANE DOE      : J.D. OF FAIRFIELD

vs.

NORWALK BOARD OF EDUCATION;      : AT BRIDGEPORT

LISE KRIEGER; JOHN J. RAMOS      : AUGUST 24, 2020

## <u>MOTION TO SEAL AFFIDAVIT AFTER HEARING</u>

Pursuant to Connecticut Practice Book Section 7-4B and 11-20A, the Plaintiff, by and through the undersigned counsel, moves this Court for an Order sealing the Plaintiff's Affidavit filed in support of his Motion to File a Civil Suit under a pseudonym.  Sealing is requested to protect the privacy of the Plaintiff as her Affidavit contains personal and sensitive information that should be kept confidential.

The Plaintiff claims that she was sexually exploited as a minor student by her freshman English teacher at Norwalk High School.   The alleged abuse occurred between 1989 and 1992 while the plaintiff was a student at Norwalk High School and continued thereafter. The plaintiff claims that, as a result of the alleged inappropriate contact and sexual abuse, she has suffered serious psychological and emotional injuries that may be permanent in nature. The Plaintiff requests the Court to grant this Motion to allow the Plaintiff to commence the litigation without disclosing her identity.  If the Affidavit is not sealed the identity of the Plaintiff will be exposed and the privacy protection afforded by filing under a



104

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299

pseudonym will be to no avail.  The Plaintiff has simultaneously filed a Motion to Seal pursuant to Section 11-20A with a hearing to be conducted after the Return Date.

The Affidavit contains details that are intimate and embarrassing to the plaintiff. The plaintiff is concerned about the stigma that this incident, if she were identified, would cause her and her family. By preserving the plaintiffs' identity by sealing the affidavit and allowing the plaintiff anonymity through the use of a fictitious name, the plaintiff's privacy interest will be protected

WHEREFORE, as the plaintiff's privacy interests will be protected through the sealing of the Affidavit and the plaintiff's privacy interest greatly exceeds the public's interest in knowing the identity of the parties to this civil action, the plaintiff respectfully requests that this Court grant the plaintiff's Motion to Seal the Affidavit after Hearing.

<div style="margin-left: 40%;">

THE PLAINTIFF,
JANE DOE


BY_____/423808/_____
Frank C. Bartlett, Jr.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT 06410
Firm Juris: 433299
Tel: (203) 439-7717
Fax: (203) 439-7730

</div>



## <u>ORDER</u>

The foregoing Motion, having been heard by the Court, it is hereby Ordered:

### GRANTED / DENIED

It is further ordered that the Court finds the plaintiff's interest in protecting her identity compelling and significant in light of the allegations of sexual exploitation and the sealing of the plaintiff's affidavit in support of her Application is necessary to accomplish the same. Such interest outweighs the public's interest in knowing the plaintiff's name and the information contained within the affidavit, and no lesser alternative will suffice.  This Order shall remain in effect throughout the pendency of this action.

BY:_____

Judge / Clerk

BARTLETT LEGAL GROUP, LLC · 36 WALLINGFORD ROAD · P.O. BOX 130 · CHESHIRE, CT 06410 · (203) 439-7717 · FAX: (203) 439-7730 · JURIS NO. 433299



EXHIBIT U

ORDER    410631

DOCKET NO: FBTCV205043625S                    SUPERIOR COURT

DOE,JANE                                       JUDICIAL DISTRICT OF FAIRFIELD
    V.                                            AT BRIDGEPORT
NORWALK BOARD OF EDUCATION Et Al
                                               10/19/2020

<u>ORDER</u>

ORDER REGARDING:
08/26/2020 104.00 MOTION TO SEAL DOCUMENT

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

MEMORANDUM OF RULING GRANTING MOTION FOR USE OF PSEUDONYM AND MOTION
TO SEAL

Pursuant to Practice Book §11-20A (h)(1), the plaintiff's motion to use a pseudonym and the motion to
seal the supporting affidavit are granted, with the court making the following findings: that this order is
necessary for the protection of the mental and emotional interests of the plaintiff because the complaint
involves alleged traumatic events occurring when the plaintiff was a minor child; that these interests
override any public interest in knowing the plaintiff's name; that there are no reasonable alternatives to
this order; and that the breadth of this order is necessary to protect the plaintiff's overriding interests.

This order shall continue unless and until the plaintiff files a sworn affidavit attesting that the
pseudonym shall no longer be used or further court order.

PRESIDING JUDGE, CIVIL

410631
_____

Judge: BARRY STEVENS

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

EXHIBIT V

| TIME, DATE, SCOPE AND DURATION OF SEALING OR CLOSURE ORDER<br>JD-CL-76 Rev. 12-07<br>P.B. §§ 11-20, 11-20A, 25-59, 25-59A | STATE OF CONNECTICUT<br>SUPERIOR COURT | FOR COURT USE ONLY |
|---|---|---|
| | **NOTICE**<br>**No information entitled to remain confidential should be placed on this form.** | ☐ SEALOR *(Document(s) or file sealed)*<br>☐ LIMITOR *(Disclosure limited)*<br>☐ CLOSEOR *(Courtroom closed)*<br>☐ PSEUDOR *(Use of pseudonym(s) granted)* |

Pursuant to Practice Book Sections 11-20, 11-20A, 25-59 and 25-59A the time, date, scope and, except for court closure orders, duration of the order shall be reduced to writing, signed by the judicial authority, and entered by the clerk in the court file. This form should be used for that purpose.

In addition to signing this form, the judicial authority must also comply with the other requirements of the above rules, which include articulating the overriding interest being protected, specifying its findings underlying the order, and either ordering that a transcript of its decision be included in the court file or preparing a memorandum setting forth the reasons for its order. When sealing an entire court file, the judicial authority must also comply with Sections 11-20A(f) and 25-59A(f).

*Instructions to Clerk for Civil and Family Cases:* Complete this form upon issuance of the court order and IMMEDIATELY enter it in the court file. Use Section I for an order sealing document(s) or a file. Use Section II for an order limiting disclosure. Use Section III for an order closing a courtroom. Use Section IV for an order granting permission to use pseudonyms. The judicial authority and clerk must sign Section V. Code this form using the appropriate docket legend(s) for the section(s) of the form completed.

*Additional instructions to Clerk for Civil Cases only:* If Sections I, II or III are completed, IMMEDIATELY post a copy of this form on a bulletin board adjacent to the clerk's office and accessible to the public and fax the form IMMEDIATELY to Court Operations at (860) 263-2773 for posting on the judicial branch website.

| JUDICIAL DISTRICT OF<br>**FAIRFIELD** | AT *(Town)*<br>**BRIDGEPORT** | DOCKET NO.<br>**FBT CV20 504 36 25 S** |
|---|---|---|

CASE NAME *(In the case of parties for whom a Motion for Permission to Use Pseudonym(s) was granted, use the pseudonym(s).)*
**JANE DOE  VS NORWALK BOARD OF EDUCATION, ET AL**

### SECTION I - ORDER SEALING DOCUMENT(S) OR FILE *(Use "SEALOR" Docket Legend)*

| DATE OF SEALING ORDER | TIME OF SEALING ORDER | DURATION OF SEALING ORDER |
|---|---|---|
| | | |

SCOPE OF SEALING ORDER *("X" one)*
☐ Case caption and docket number to be disclosed, contents of file sealed.
☐ The following designated motion(s), pleading(s) or other document(s) is/are sealed.

| ENTRY NUMBER(S) OF DOCUMENT(S) SEALED PURSUANT TO THE ORDER |
|---|
| |

ADDITIONAL ORDERS REGARDING SCOPE

### SECTION II - ORDER LIMITING DISCLOSURE *(Use "LIMITOR" Docket Legend)*
**(Use only for order limiting disclosure OTHER THAN SEALING. If order is to seal document(s) or file use Section I above.)**

| DATE OF ORDER LIMITING DISCLOSURE | TIME OF ORDER LIMITING DISCLOSURE |
|---|---|
| | |
| DURATION OF ORDER LIMITING DISCLOSURE | ENTRY NUMBER(S) OF APPLICABLE DOCUMENT(S) |
| | |

SCOPE OF ORDER LIMITING DISCLOSURE  *(Explain limitation on disclosure, e.g., redaction, but do not include confidential information )*

### SECTION III - ORDER CLOSING COURTROOM *(Use "CLOSEOR" Docket Legend)*

| DATE OF ORDER CLOSING COURTROOM | TIME OF ORDER CLOSING COURTROOM | ENTRY NUMBER OF DOCUMENT |
|---|---|---|
| | | |

SCOPE OF ORDER CLOSING COURTROOM

### SECTION IV - ORDER PERMITTING USE OF PSEUDONYM(S) *(Use "PSEUDOR" Docket Legend)*

| DATE OF ORDER PERMITTING USE OF PSEUDONYM(S)<br>**8/26/20** | TIME OF ORDER PERMITTING USE OF PSEUDONYM(S)<br>**3:52 PM** |
|---|---|

DURATION OF ORDER PERMITTING USE OF PSEUDONYM(S)
**UNTIL FURTHER ORDER OF THE COURT**
SCOPE OF ORDER PERMITTING USE OF PSEUDONYM(S)

### SECTION V - SIGNATURES *(Complete in every case)*

| SIGNATURE OF JUDICIAL AUTHORITY | DATE SIGNED<br>8/26/2020 |
|---|---|
| SIGNATURE OF CLERK *(Chief Clerk or His/Her Designee)* | DATE SIGNED<br>8-26-2020 |