UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE,<br>          Plaintiff,<br><br>     v.<br><br>NORWALK BOARD OF EDUCATION, et al.,<br>          Defendants. | No. 3:21-cv-290 (SRU) |

## RULING ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants, the Norwalk Board of Education (the "Board") and John Ramos ("Ramos"), have moved pursuant to 42 U.S.C. § 1988 for an award of attorneys' fees in their favor as prevailing parties in an action filed under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681. For the reasons set forth below, the defendants' motion is denied.

**I.     Background and Procedural History**

The plaintiff, Jane Doe ("Doe"), brought this action against her former teacher at Norwalk High School, Lise Krieger ("Krieger"), as well as the Board and Ramos, the former principal of Norwalk High School. Doe sought damages for harm she claimed she suffered as a result of an alleged inappropriate sexual relationship between Krieger and Doe while Doe was a student at Norwalk High School, between the years 1988-1992. In her amended complaint, doc. no. 33, Doe brought claims for assault and intentional infliction of emotional distress against Krieger, and claims for negligence and sex discrimination in violation of Title IX against the Board and Ramos. For the purposes of this motion, I assume familiarity with the basic facts of the case and refer to the summary of the factual background set forth in Judge Janet B. Arterton's ruling on the defendants' motion for summary judgment. *See* Doc. No. 44, at 2-5.

On June 2, 2022, the Board and Ramos moved for summary judgment. *See* Doc. No. 25. On January 1, 2023, Judge Arterton granted summary judgment in favor of the Board and Ramos on all counts asserted against them, because Doe could not establish that the defendants had actual notice of Krieger's sexual abuse of Doe or the potential for its future occurrence, a requisite element of Doe's Title IX claim. Judge Arterton also held that Doe could not satisfy any exception to the defendants' governmental immunity to her common-law negligence claims. *Id.* at 6-13. The only remaining claims at that point were asserted against Krieger. The case was set to go to trial on April 3, 2023, but Krieger and Doe reported on March 20, 2023 that the case had settled, and so the case was dismissed. *See* Docs. No. 61, 62. The Board and Ramos then renewed their previously filed motion for attorneys' fees, arguing that they are entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988 because the plaintiff's claims were "frivolous, unreasonable, and without foundation." *See* Docs. No. 63, 66. On September 6, 2023, the case was transferred to me.

## II.     Standard for Motion for Attorneys' Fees

A court may award the prevailing party in a civil rights case reasonable attorneys' fees. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of . . . Title IX . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."). When the prevailing party is the defendant, attorneys' fees will not be awarded unless the defendant can show that "the plaintiff's action was frivolous, unreasonable or without foundation . . . or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also, e.g.*, *Davidson v. Keenan*, 740 F.2d 129, 132-33 (2d Cir. 1984). "This heavier burden is placed upon prevailing defendants in order to balance the

policies in favor of encouraging private citizens to vindicate constitutional rights with those policies aimed at deterring frivolous or vexatious lawsuits." *Lamson v. Blumenthal*, No. 3:00-CV-1274 (EBB), 2003 WL 23319516, at *2 (D. Conn. Oct. 3, 2003) (citing *Christiansburg*, 434 U.S. at 422).

The decision to award fees to a defendant is "entrusted to the discretion of the district court." *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001). In exercising that discretion, a district court should consider the procedural history of the case; but the fact that the case did not survive a motion to dismiss or motion for summary judgment is not dispositive of a motion for attorneys' fees. *See Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d 272, 274 (S.D.N.Y. 1999); *Dangler v. Yorktown Central School*, 777 F. Supp. 1175, 1178 (S.D.N.Y. 1991); *Steinberg v. St. Regis-Sheraton Hotel*, 583 F. Supp. 421, 424 (S.D.N.Y. 1984); *see also Taylor v. Harbour Point Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) ("To be clear, by 'meritless' we mean 'groundless or without foundation,' and not merely that [the plaintiff] ultimately lost her case.").

In *Christiansburg*, the Supreme Court urged district court judges to "resist the understandable temptation to engage in post hoc reasoning" in deciding whether to award a defendant attorneys' fees, because "the course of litigation is rarely predictable" and "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." 434 U.S. at 422-23. As a result, the cases that have been found "frivolous, unreasonable, or without foundation" typically involve particularly vexatious behavior on the part of the plaintiff. For example, the Second Circuit has upheld the imposition of attorneys' fees where the plaintiff previously litigated the issues and lost before bringing his or her claim in federal court. *See Eastway Constr. Corp. v. City of New York*, 762

F.2d 243, 246 (2d Cir. 1985); *Gerena-Valentin v. Koch*, 739 F.2d 755, 756-57 (2d Cir. 1984). By contrast, the mere fact that a plaintiff's claim is weak, without more, does not mandate the imposition of attorneys' fees in favor of a prevailing defendant. *See, e.g.*, *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006) (upholding denial of attorneys' fees in Title VII action brought by white male alleging "Indian Conspiracy" in his workplace, where plaintiff's claim was so weak that he abandoned it at oral argument on motion for summary judgment).

### III.     Discussion

There is no dispute that the Board and Ramos were prevailing parties within the meaning of Section 1988, because summary judgment was granted in their favor on all claims asserted against them. What is left for me to decide is whether, in the exercise of my discretion, I believe that attorneys' fees are warranted in this case.

The defendants argue that they are entitled to recover attorneys' fees because Doe's claims against the Board and Ramos were "without merit from the beginning" and her continued pursuit of those claims "became even more egregious" as the case progressed through discovery. *See* Mem. of Law in Support of Fee Mot., Doc. No. 69, at 16. Essential to both Doe's Title IX claims against the Board and Ramos, and her ability to overcome the defendants' immunity to her state law negligence claims, was her allegation that her mother complained to the school about her concern that the close relationship developing between Krieger and Doe was "sexually motivated," causing the Board and Ramos to be on notice that she was subject to a risk of future sexual abuse. *See* Doc. No. 44, at 3. At the summary judgment stage, though, Judge Arterton concluded that there was no evidence that would be admissible at trial to prove that the complaint filed by Doe's mother raised concerns about sexual misconduct, or that concerns of that nature were discussed at an eventual meeting held to discuss that complaint. *See* Doc. No.

44, at 5 ("Neither the complaint itself, the Mother Letter, nor the Krieger Letter are available to offer at trial, and Plaintiff's mother's dementia renders her unable to testify."). The lack of evidence of the content of that complaint proved fatal to Doe's claims.

However, taking guidance from the decisions discussed above, I cannot conclude that Doe's claims were frivolous, unreasonable, or without foundation, despite the fact that Doe did not prevail. It was admitted that Krieger and Doe did eventually engage in a sexual relationship, though just when that relationship began was disputed. *See* Pl. Dep., Doc. No. 36-3, at 167:4-168:6; Krieger Dep., Doc. No. 35-2, at 82:1-17. It was also admitted that Doe's mother did, at some point, complain to the school about Krieger's conduct, that a meeting was held between Doe's mother and school officials regarding her complaint, and that as a result of that meeting the school initially proposed moving Krieger to a different school within the district. Defs.' Loc. R. 56(a)(1) Stmt., Doc. No. 35-1, at ¶¶ 5-6; Krieger Dep., at 61:23-62:16. Ramos also admitted that he was aware that a meeting had taken place to discuss Krieger's conduct. Defs.' Loc. R. 56(a)(1) Stmt., at ¶ 9e. However, discovery ultimately did not uncover any admissible evidence to prove Doe's suspicion about the content of that complaint and meeting, and she was therefore unable to survive summary judgment. Judge Arterton described Doe's "assertion that her mother's complaint *likely* included" concerns about a sexual relationship between Krieger and Doe as "extremely speculative." *Id.* at 9 (emphasis original). But the conclusion that Doe's allegations were "speculative" does not compel the conclusion that attorneys' fees are warranted, especially in light of the circumstances of this case.

The *Christianburg* standard is a high bar, and therefore it is "very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006). That strict standard helps "avoid chilling the initiation and

5

prosecution of meritorious civil rights actions." *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998). Mindful of those considerations, I conclude that, although Doe's claims against the Board and Ramos proved to be very weak, her claims were not frivolous, unreasonable or without foundation.

Therefore, the defendants have not convinced me that they are entitled to attorneys' fees under the standard articulated in *Christianburg*. Their pending motions for attorneys' fees, docs. no. 63 and 66, are **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of March 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge